743 So.2d 720 (1999)
Julie BELL and Michael Bell,
v.
Sharon HURSTELL and Allstate Insurance Company.
No. 99-C-1333.
Court of Appeal of Louisiana, Fourth Circuit.
June 16, 1999.
Writ Denied October 29, 1999.
John E. Unsworth, Jr. Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, Counsel for Relator.
Terry B. Loup, Morris Bart, P.L.C., New Orleans, Counsel for Respondents.
BYRNES, Judge.
We grant writs in order to review the denial of relator's motion for summary judgment.
The defendant-relator, New Orleans Tours, Inc., was named as one of several defendants in a suit filed by the plaintiffs-respondents, Julie and Michael Bell, for damages sustained in a collision with relator's employee, Sharon Hurstell. It is undisputed that Hurstell's vehicle struck the *721 plaintiffs' parked vehicle while they were occupants and/or were attempting to exit the vehicle at about 11:20 p.m. on the night of January 22, 1997. Plaintiffs allege that Hurstell was negligently operating the vehicle while under the influence of alcohol. Plaintiffs seeks to hold relator vicariously liable based on the allegation that at the time of the accident Hurstell was "employed by and acting in the course and scope of her employment with New Orleans Tours, Inc. and was in furtherance of said employer's business."
Hurstell is in the entertainment business, dealing with tour groups and events. We will accept for purposes of argument in connection with this writ application that she does "networking" after hours in furtherance of her career, i.e., her employer's objectives. At the end of the business day of the accident Hurstell met with Andrew Messina with whom Hurstell's employer had a business relationship, at her office. After the meeting was concluded, at approximately 7:00 p.m., Messina drove Hurstell to a lounge where she consumed alcohol purchased for her by Messina. Subsequently, he drove her to a party at City Lights given by another company with which Hurstell's employer had a business relationship. There she had one or more drinks. We assume for purposes of argument that she became intoxicated.
At approximately 11:00 p.m., Hurstell decided that she was tired and wanted to go home. Messina arranged for a policeman to drive her back to her car which was still parked at her place of employment. Hurstell was in the course of driving her car home when she collided with the plaintiffs' parked vehicle. For obvious reasons, there is no contention that the plaintiffs contributed to the accident in any way.
Plaintiffs based their opposition to the relator's motion for summary judgment primarily on the theory that Hurstell's intoxication occurred in the course and scope of her employment. According to this theory, any damages to which this intoxication could have a causal relationship could be said to arise in the course and scope of her employment, in spite of the fact that Hurstell was no longer acting in the course and scope of her employment at the time she caused the damage.
We disagree. LSA-R.S. 9:2800.1 provides in pertinent part:
A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
* * * *
E. The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.
This statute expresses in the strongest possible way a public policy of holding adult individuals responsible personally for the consequences arising out of the consumption of alcohol. The legislature has placed the burden on the individual adult to drink responsibly by generally relieving others of that responsibility. There is no evidence that Hurstell was forced to consume alcohol by her employer, either by means of physical threats or by threats of demotion or loss of employment. There was nothing preventing Hurstell from ordering non-alcoholic beverages. Hurstell's employer did not pay for the alcohol, i.e., Hurstell's employer did not "furnish" or "serve" the alcohol. Where it is against public policy to hold a party liable for furnishing or serving alcohol, we can see no public policy in holding an employer liable for damage caused by an employee on the way home from work just because that employee may have consumed alcohol as a matter of personal *722 choice while entertaining clients[1] off premises after hours. See Vaughan v. Hair, 94-86 (La.App. 3 Cir. 10/5/94); 645 So.2d 1177, 1182-83, writ denied 95-0123 (La.3/10/95); 650 So.2d 1186, where the court stated that "there is no authority that would prohibit a person [employer] from allowing the consumption of alcoholic beverages on his premises by someone of lawful age." In other words, the consumption of alcohol does not expand the definition of course and scope of employment. To put it another way, an accident that would not normally be considered as occurring during the course and scope of employment, will not be considered as occurring during the course and scope of employment merely because alcohol, which may have contributed to the accident, was consumed (but not required to be consumed as a condition of employment) while the employee-tortfeasor was acting in the course and scope of employment. LeBlanc v. Adams, 510 So.2d 678, 684 (La.App. 4 Cir.1987), writ denied 514 So.2d 458 (La. 1987). Plaintiffs' argument, carried to its logical conclusion might result in holding an employer who gives his employee a gift of holiday champagne for Christmas liable for damages that occur on New Year's eve when the employee decides on her own to drink the whole bottle and go out driving. There is no evidence that Hurstell's employer encouraged her to drink alcohol. Id.
Subsidiary to plaintiffs' main argument, is the contention that there is a genuine issue of material fact as to whether the plaintiff could be said to be in the course and scope of her employment at the time of the accident without regard to the employment related consumption of alcoholic beverages.
The general rule is that an employee going to and from work is not in the course and scope of employment. Orgeron v. McDonald, 93-1353, p. 5 (La. 7/5/94); 639 So.2d 224, 227; Gordon v. Commercial Union Ins. Co., 503 So.2d 190, 194 (La. App. 4 Cir.1987), writ denied 506 So.2d 1227 (La.1987); Vaughan v. Hair, supra. Hurstell drove to her normal place of employment as usual at the beginning of the work day on the morning of the accident, and drove off from the same place when the accident occurred on the way home. Therefore, regardless of whether we treat Hurstell's office location as her place of employment, or merely a "check in place", she was not in the course and scope of her employment when she had the accident driving home from work. Orgeron, p. 5, at 227. The plaintiffs do not contest Hurstell's testimony that she asked to leave the party to return to her car at her place of employment to drive home. There is no contention that Hurstell was driving a company car at the time of the accident. James Lee Fewell, the manager of the department in which Hurstell works, testified that relator does not reimburse for mileage Hurstell drives to and from work. Hurstell keeps a beeper at company expense, but she does not consider herself to be "on call." This was confirmed by James Fewell who testified that beepers were basically for normal working hours and that it was not company policy to call employees in after hours to handle problems. There was no requirement to have the beeper on after hours. Vaughan v. Hair, supra. Mr. Fewell testified that on those few occasions when employees might be called after hours, it is not to summon them back to work, but merely to give them advance notice of a problem they should be ready to deal with the next day. And even in those instances, Mr. Fewell testified that he would more likely call the employee at home rather than beep him or her. There would be no need to call employees at home if there was an expectation that they would respond to their beepers after hours.
Although Hurstell is a salaried employee, "there is no question that [s]he had completed [her] employment duties" before *723 she drove off in her car from her place of employment the night of the accident. Id., at p. 5, 645 So.2d at 1181. When Hurstell was involved in this accident on her way home from work she was in no way furthering the objectives of her employment.
Summary judgments are now favored. We find no genuine issues of material fact that would support a finding that Hurstell was acting in the course and scope of her employment a the time of the accident. It was error for the trial court to fail to grant relator's motion for summary judgment.
Accordingly, we grant the relator's writ application, reverse the judgment of the trial court and render judgment in favor of relator, New Orleans Tours, Inc., dismissing plaintiffs' claim against relator.
WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.
NOTES
[1] We make this assumption for purposes of argument.