HIGGINBOTHAM, J.
| ;>This suit in tort for damages arises out of an automobile accident that occurred between plaintiff, Milton Holt, and defendant, Tammy M. Torino. This appeal is from the granting of a summary judgment in favor of RPM Pizza, LLC (RPM Pizza) and Domino’s Pizza LLC (Dominos), in which the trial court found that defendant Torino was not in the course and scope of her employment with RPM Pizza and Do-minos at the time of the accident. Plaintiffs, Milton Holt, individually and on behalf of his minor children, Ciara Holt and Jase Holt, and Amy Holt individually and on behalf of her minor children, Mariah Miller and Tristan Miller, collectively “the Holts,” appealed. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On December 11, 2009, Torino, an employee of RPM Pizza, a franchisee of Dominos, clocked in for her shift at approximately 3:00 p.m. She left early from her shift “around 7:25 p.m.” to go home because she was feeling tired. Around 8:20 p.m. while driving home, she crossed the center line into the other lane of traffic on North Flannery Road in Baton Rouge, Louisiana and struck head-on a vehicle driven by Milton Holt. As a result of the *184 accident, the Holts suffered damages. The Holts filed suit on December 3, 2010, naming as defendants: (1) Tammy M. Torino; (2) Direct General Insurance Company of Louisiana; (3) RPM Pizza, as Tori-no’s employer; (4) Dominos, as franchisor of RPM Pizza; and (5) State Farm Mutual Automobile Insurance Company, by amended petition, as underinsured motorist insurer for Milton Holt.[1] Plaintiffs alleged that at the time of the accident Torino was in the course and scope of her employment with RPM Pizza and Domi-nos.
|sOn February 13, 2012, RPM Pizza and Dominos filed a motion for summary judgment, which requested that the claims against them be dismissed because Torino was not employed by Dominos and RPM Pizza owed no duty to the plaintiffs. Plaintiffs filed a counter motion for partial summary judgment on April 2, 2012, requesting that the trial court find Torino was in the course of her employment at the time of the accident.[2] On May 31, 2012, judgment was signed granting summary judgment in favor of and dismissing all claims against RPM Pizza and Domi-nos, and denying plaintiffs’ motion for partial summary judgment.[3]
LAW AND ANALYSIS
Plaintiffs contend that the trial court erred in granting RPM Pizza and Domino’s motion for summary judgment and in denying plaintiffs’ counter motion for summary judgment on the issues of RPM Pizza’s negligence and vicarious liability and Domino’s negligence.

A. Summary Judgment Law

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Granda v. State Farm Mutual Insurance Company, 2004-2012 (La.App. 1st Cir.2/10/06), 935 So.2d 698, 701. Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B).
On a motion for summary judgment, the initial burden of proof is on the moving party. However, if the moving party will not bear the burden of proof at trial on the matter before the court, the moving party’s burden of proof on the [ ¿motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the non-moving party must produce factual support sufficient to establish that it will be able to satisfy its eviden-tiary burden of proof at trial. Failure to do so shows that there is no genuine issue of material fact. La.Code Civ. P. art. 966(C)(2). Accordingly, once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Babin v. Winn-Dixie Louisiana, Inc., 2000-0078 *185 (La.6/30/00), 764 So.2d 37, 40; see also La.Code Civ. P. art. 967(B).
Summary judgments are reviewed on appeal de novo. Granda, 935 So.2d at 701. Thus, this court uses the same criteria as the trial court in determining whether summary judgment is appropriate — whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Jones v. Estate of Santiago, 2003-1424 (La.4/14/04), 870 So.2d 1002, 1006. A “genuine issue” is a “triable issue,” that is, an issue on which reasonable persons could disagree. If, on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Id. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Fernandez v. Hebert, 2006-1558 (La.App. 1st Cir.5/4/07), 961 So.2d 404, 408, ivrit denied, 2007-1123 (La.9/21/07), 964 So.2d 333.
A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Anglin v. Anglin, 2005-1233 (La.App. 1st Cir.6/9/06), 938 So.2d 766, 769. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” for summary judgment purposes can only be seen in light |sof the substantive law applicable to the case. Dickerson v. Piccadilly Restaurants, Inc., 99-2633 (La.App. 1st Cir.12/22/00), 785 So.2d 842, 844.

B. Vicarious Liability

 Under Louisiana law, an employer is answerable for the damage occasioned by its servant in the exercise of the functions in which the servant is employed. Timmons v. Silman, 99-3264 (La.5/16/00), 761 So.2d 507, 510. La. Civ.Code art. 2320. Specifically, an employer is liable for its employee’s torts committed if, at the time, the employee was acting within the course and scope of his employment. Id.; Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, 996. An employee is acting within the course and scope of his employment when the employee’s action is “of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.” Timmons, 761 So.2d at 510.
Generally, courts consider four factors when assessing vicarious liability, including whether the tortious act: (1) was primarily employment rooted; (2) was reasonably incidental to performance of employment duties; (3) occurred during working hours; and (4) occurred on the employer’s premises. Baumeister, 673 So.2d at 996-997; see also LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974). It is not necessary that each factor is present in each case, and each case must be decided on its own merits. Ellender, 2006-2005 (La.App. 1st Cir.6/15/07), 965 So.2d at 901; Baumeister, 673 So.2d at 997. The determinative question is whether the employee’s tortious conduct was so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interest. Ellender, 965 So.2d at 901; Richard v. Hall, 2003-1488 (La.4/23/04), 874 So.2d 131, 139.
| fiIf the purpose of serving the master’s business actuates the servant to any appreciable extent, the master is subject to liability if the act is otherwise within the service. The scope of risk attributable to an employer increases with the *186 amount of authority and freedom of action granted to the servant in performing his assigned tasks. Ellender, 965 So.2d at 901-902; Richard, 874 So.2d at 138.
Each case, then, requires a factual analysis individual in nature, and prior cases serve merely as illustrations of analogous situations and not as hard-and-fast rules. There are, however, some generally accepted jurisprudential principles followed by appellate courts. First, courts have fairly consistently held that going to and from work is not an employment function for which the employer should be held liable. Brown v. Wolfe, 525 So.2d 355, 356 (La.App. 1st Cir.), writ denied, 530 So.2d 569 (La.1988). Further, an employer is not ordinarily liable for an employee’s torts committed while going to and from lunch. McGee v. State Farm, Mutual Automobile Insurance Company, 428 So.2d 1287 (La.App. 3rd Cir.1983), and Laird v. Travelers Indemnity Company, 236 So.2d 561 (La.App. 4 Cir.1970).
In this case, the plaintiffs will have the burden of proving that Torino was in the course and scope of her employment with RPM Pizza at the time of the accident. Thus, on the motion for summary judgment, RPM Pizza and Dominos bore the burden of pointing out an absence of factual support for the plaintiffs’ claim that Torino was in the course and scope of her employment at the time of the accident.
RPM Pizza and Dominos in support of their motion for summary judgment introduced the following: (1) the deposition of Torino, which included the accident report and payroll showing when she clocked in and out; (2) the affidavit of Mark Murret, who is employed as the director of claims and securities for RPM Pizza; and (3) the affidavit of Joseph P. Devereaux, who is employed as the director of | franchise services for Dominos. According to the payroll document and the testimony of Torino, she was clocked out and on her way home at the time of the accident. Thus, RPM Pizza and Dominos, demonstrated that To-rino was not on the employer’s premises, she was not on the clock, and she was not doing anything reasonably incidental to performance of her employment duties, pointed out an absence of factual support for the plaintiffs’ claim that Torino was in the course and scope of her employment at the time of the accident. Therefore, plaintiffs were required to produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial.
In opposition to the motion for summary judgment and in favor of the counter motion for summary judgment, plaintiffs attached the deposition of Torino and the deposition of Jana D. Carlisle, an employee of RPM Pizza and the manager who clocked Torino out on the night of the accident.
Plaintiffs contend that there are genuine issues of material fact regarding the negligence of RPM Pizza, because RPM Pizza’s manager had “actual knowledge that Tori-no was too impaired to drive” and the manager required her to drive her personal car home instead of obtaining a ride. Plaintiffs argue that Torino’s manager directly instructed her to take her car home instead of getting a ride so she could return to work later and that the request was for the benefit of the employer’s business objectives.
At the time of the accident, Torino was thirty years old. In her deposition, Torino stated she was “really exhausted” and her co-workers “noticed [she] was tired and wanted [her] to go home and get some rest.” She said she was going to find a ride but was told “Just go ahead and go home” and “go get some rest because we’ll call you in later. We’ll probably need you to come back to work later.” Torino said “it wasn’t a fight or anything just a couple *187 of words back and forth.” According to the deposition testimony of Carlisle, the manager, on the | anight of the accident, Torino came to her and told her she wasn’t feeling that well and Carlisle told her “let’s check you out, I will let you go home.” Carlisle did not recall Torino looking sleepy. When asked if she told Torino to rest because they may need her to come back, Carlisle stated, “If she was feeling better, I probably did tell her that. I don’t remember that, but I probably did.” Carlisle did not recall telling Torino not to get a ride and to drive herself home because she would need her vehicle to come back later in the evening.
Torino described how she felt on the way home stating: “I felt myself really tired and I was — I was going to pull over, but I was not very far from being home and I said I’m just going to make it ... you know? I was going to try to make it.” Torino could not remember specifically how the accident happened, but thought she swerved into other lane because she was either dozing off or turning around to adjust a piece of cardboard that was “flapping” in her driver’s side back window.
Based on our de novo review of the evidence offered in support of and in opposition to the motions for summary judgment, we find that no genuine issues of material fact remain as to whether Torino was acting in the course and scope of her employment with RPM Pizza at the time of the accident.[4] Plaintiffs failed to present sufficient evidence to prove that they would be able to meet their evidentiary burden at trial. On the night of the accident, Torino, an adult employee who was clocked out and on her way home, was in the best position to determine whether she was able to drive home. Torino admitted that she considered pulling over but made a decision not to. Further, we find no duty on the part of RPM Pizza to public highway users to protect them from potential negligent driving of an off-duty employee.
Torino’s tortious conduct was not so closely connected in time, place, and causation to her employment duties as to be regarded as. a risk of harm fairly | ^attributable to the employer’s business. She was on her way home. Her manager stating that they may need her later in the night was not sufficient authority over To-rino to consider her in the course and scope of her employment.

CONCLUSION

For the above and foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of and dismissing all claims against defendants, RPM Pizza and Dominos, and denying summary judgment in favor of plaintiffs. All costs of the appeal are assessed to plaintiffs.
AFFIRMED.

. Plaintiffs' claims against Torino and Direct General Insurance Company were dismissed by judgment signed on March 5, 2011.

. On April 11, 2012, State Farm Mutual Automobile Company filed a brief in opposition to the motion for summary judgment filed by RPM Pizza and Dominos.

.We reviewed the denial of plaintiffs' motion for summary judgment under our supervisory jurisdiction. See Hood v. Cotter, 2008-0215 (La. 12/2/08), 5 So.3d 819, 823-824.

. Because we found no liability on the part of RPM Pizza, we further find no negligence on the part of Domino’s as franchisor.