THERIOT, J.
lain this suit arising from an automobile accident, the plaintiff appeals a judgment dismissing his respondent superior claims against the tortfeasor’s employer. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
This suit arises from a September 19, 2011 automobile collision which occurred when Jason Butler made a left turn into the path of an oncoming vehicle. Brian Bova, a guest passenger in the vehicle involved in the collision with Mr. Butler, filed a petition for damages against Mr. Butler for injuries sustained in the accident. Mr. Bova later amended his petition to assert claims against Mr. Butler’s employer, SPX Cooling Technologies, Inc. (“SPX”), alleging that at the time of the accident, Mr. Butler was acting in the course and scope of his employment with SPX. At the time of the accident, Mr. Butler was traveling from home and had *553 not yet arrived at work. Mr. Bova alleged that SPX was vicariously liable for Mr. Butler’s negligence because SPX was compensating Mr. Butler for his travel time from his home in Brookhaven, Mississippi to his worksite in Geismar, Louisiana.
A bench trial was held on January 14, 2014, at which the only remaining claims were the claims against SPX.[1] The parties stipulated at trial that the accident was caused by the fault of Mr. Butler. There were no allegations of negligence against SPX; the claims against SPX were based strictly on vicarious liability as Mr. Butler’s employer. The trial court held that Mr. Bova failed to carry his burden of proving that Mr. Butler was in the course and scope of his employment with SPX at the time of the accident Land dismissed Mr. B ova’s claims against SPX with prejudice. Mr. Bova timely filed this appeal.
DISCUSSION
Under Louisiana law, an employer is answerable for the damage occasioned by its servant in the exercise of the functions in which the servant is employed. Timmons v. Silman, 99-3264, p. 4 (La.5/16/00), 761 So.2d 507, 510; La. C.C. art. 2320. Specifically, an employer is liable for its employee’s torts if, at the time, the employee was acting within the course and scope of his employment. Id.; Baumeister v. Plunkett, 95-2270, p. 3 (La.5/21/96), 673 So.2d 994, 996. An employee is acting within the course and scope of his employment when his action is “of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.” Timmons, 99-3264 at p. 4, 761 So.2d at 510 (quoting Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224, 2260227).
Generally, courts consider four factors when assessing vicarious liability, including whether the tortious act: (1) was primarily employment rooted; (2) was reasonably incidental to performance of employment duties; (3) occurred during working hours; and (4) occurred on the employer’s premises. Holt v. Torino, 12-1579, p. 5 (La.App. 1st Cir.4/26/13), 117 So.3d 182, 185, writ denied, 13-1161 (La.8/30/13), 120 So.3d 267. It is not necessary that each factor be present in each case, and each case must be decided on its own merits. The determinative question is whether the employee’s tortious conduct was so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated |4by purely personal considerations entirely extraneous to the employer’s interest. Id.
Each case, then, requires a factual analysis individual in nature, and prior cases serve merely as illustrations of analogous situations and not as hard-and-fast rules. There are, however, some generally-accepted jurisprudential principles followed by appellate courts. For instance, courts have fairly consistently held that going to and from work is not an employment function for which the employer’ should be held liable. Holt, 12-1579, p. 6, 117 So.3d at p. 186. However, exceptions may apply when the employer provides, or pays the employee for, transportation to and from work, or when the operation of the vehicle was incidental to some employment responsibility. White v. Frederick, 44,563, p. 9 (La.App. 2 Cir. 8/19/09), 17 So.3d 1016, 1021-22, writ denied, 2009-2059 (La.11/25/09), 22 So.3d 168.
In the instant case, Mr. Bova argues that SPX was providing payment for Mr. *554 Butler’s transportation to and from work in the form of a per diem, and therefore, Mr. Butler was in the course and scope of his employment while driving from his home to work. SPX acknowledges that Mr. Butler received a per diem, but asserts that the per diem was only for lodging and meals, and that Mr. Butler was not reimbursed for his mileage or paid for his travel time. Therefore, he did not fall under the exception to the general rule that an employee is not in the course and scope of his employment while driving to and from work. The trial court found that the evidence at trial did not support Mr. Bova’s assertion that Mr. Butler was reimbursed for his transportation expenses and concluded that Mr. Butler was not in the course and scope of his employment at the time of the accident.
15A trial court’s determination that an act is or is not within the course and scope of employment for purposes of vicarious liability is a factual finding governed by the manifest error rule. Baumeister, 95-2270, at p. 7, 673 So.2d at 998; see also Ermert v. Hartford Ins. Co., 559 So.2d 467 (La.1990) (finding course and scope to be a mixed question of law and fact held to the manifest error standard).
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Under the manifest error-clearly wrong standard, this court employs a two-part test for the reversal of a factfinder’s determinations. Stobart v. State Through Dep’t of Transp. & Dev., 617 So.2d 880, 882 (La.1993). First, this court must find from the record that a reasonable factual basis does not exist for the finding of the trial court. Id. Second, this court must determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Id. This test requires this court to review the record in its entirety to determine manifest error. Id. This court’s determination is not whether the factfinder was correct, but whether the factfinder’s conclusion was reasonable. Id. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id.
At the time of the accident, Mr. Butler was a member of an SPX work crew, made up primarily of Mississippi residents, which was assigned to a job at the West-lake Vinyl Plant in Geismar, Louisiana. SPX provided the crew members with a per diem so that they could stay near the worksite on the days they worked. According to the company’s per diem policy, a field 1 ^employee will receive per diem pay when he is temporarily assigned to a duty locale in excess of 75 miles from his residence[2] and stays overnight. The policy provides that under those circumstances, per diem will be paid at a rate of $60.00 per day, which breaks down to $20.00 per day for meals and $40.00 per day for lodging. On the workweek in question, payroll documents show that Mr. Butler worked four days (9/19, 9/20, 9/21, and 9/22) and was paid $80.00 for “Meals and Entertainment” and $160.00 for “Expense Reimbursement Travel.” Although the SPX payroll documents show that one day of lodging payment to Mr. Butler was for Sunday, September 18, the day before he reported to work, Mr. Butler’s supervisor, *555 Michael Severio, testified that this was done so that the employee could drive in the night before and stay in a hotel before reporting to work early the next morning. However, rather than driving in from Brookhaven on September 18, Mr. Butler stayed at home Sunday night and left home at 4:00 a.m. on Monday morning. The accident occurred just after 6:00 a.m., as Mr. Butler was turning in to the work-site. Although Mr. Michael Severio, an SPX supervisor, testified that the employees were supposed to use the lodging per diem to obtain lodging near the worksite, he also testified that the company did.not “police” this, and the employees were not required to provide proof that they actually stayed in a hotel.
Mr. Bova argues that since Mr. Butler only incurred lodging expenses on three nights (9/19, 9/20, and 9/21), but was paid a lodging per diem for four nights, this additional payment must have been for his travel time from his home to the worksite. However, the testimony at trial was unequivocal that although there were certain limited circumstances wherein SPX would reimburse an employee for travel time, Mr. Butler was not being reimbursed |7for his travel. Mr. Butler worked four days and was paid for four nights’ lodging; the reason the first date of lodging per diem was not a workday was so that Mr. Butler could arrive the night before reporting to work early the next morning. Despite the fact that Mr. Butler did not obtain lodging, the first payment was intended for him to spend the night closer to the actual job site. Furthermore, there was testimony from both Mr. Severio and his supervisor, Randall Wilson, that the payroll task code SPX uses in cases where an employee is being paid for his travel time does not appear on any of Mr. Butler’s payroll documents.
Mr. Bova attempted to impeach Mr. Butler at trial with his deposition testimony, taken prior to the time SPX was added as a defendant in the case, that he was paid for his driving time from home to the worksite. However, Mr. Butler explained at trial that although he initially believed that he was paid for his driving time from home to work, he later understood that he was not.
After a review of the evidence presented to the trial court, we cannot say that the trial court was manifestly erroneous in finding that Mr. Bova failed to show that SPX reimbursed Mr. Butler for his travel time or mileage and, consequently, that Mr. Butler was not in the course and scope of his employment with SPX while driving from home to work. This assignment of error lacks merit.
Mr. Bova also argues on appeal that the court erred in failing to award damages against SPX for his injuries sustained in the accident; however, since we have found no liability on the part of SPX, this assignment of error is moot.
^CONCLUSION
The judgment of the trial court dismissing plaintiff Brian Bova’s claims against SPX with prejudice is affirmed. Costs of this appeal are assessed to plaintiff, Brian Bova.
AFFIRMED.

. Jason Butler and his insurer were voluntarily dismissed prior to trial.

. The parties stipulated at trial that the work-site was more than 75 miles from Mr. Butler's residence.