## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0411

GORDON R. SIBLEY AND WIFE, CAROLYN A. SIBLEY, AND KATELYN D. SIBLEY, A MINOR BY AND THROUGH, GORDON R. SIBLEY, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE ESTATE OF KATELYN D. SIBLEY

VERSUS

HEATHER D. GRANGER AND PROGRESSIVE INSURANCE AGENCY

*DATE OF JUDGMENT:* ⌈JAN 0 7 2020

ON APPEAL FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT
NUMBER 110174, DIVISION B, PARISH OF LIVINGSTON
STATE OF LOUISIANA

HONORABLE CHARLOTTE HUGHES FOSTER, JUDGE

\* \* \* \* \* \*

Patrick H. Hufft
New Orleans, Louisiana

Aub A. Ward
Baton Rouge, Louisiana

William C. Helm
Baton Rouge, Louisiana

Stephen F. Butterfield
New Orleans, Louisiana

Valerie Theng Matherne
James Matthew Matherne
Colin F. Lozes
New Orleans, Louisiana

Counsel for Plaintiffs-Appellants
Gordon R. Sibley and wife, Carolyn A.
Sibley, and their daughters, Randelyn
Sibley Nelson and Kately D. Sibley

Counsel for Defendant-Appellee
Heather D. Granger and Progressive
Security Insurance Company

Counsel for Defendant-Appellee
Herbert Benjamin Corkern, III

Roy C. Beard
Lynda Albano Tafaro
Katherine L. Swartout
New Orleans, Louisiana

Counsel for Defendant-Appellee
Wal-Mart Louisiana, LLC

\* \* \* \* \* \*

BEFORE:  McDONALD, THERIOT, AND CHUTZ, JJ.

**Disposition: MOTION TO FILE UNDER SEAL DENIED; JUDGMENT AFFIRMED.**

**Chutz, J.**

Plaintiffs appeal the dismissal of their personal injury claims on the defendants' motions for summary judgment. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 2:05 p.m. on December 23, 2004, Heather D. Granger was driving her vehicle in Livingston Parish when she went off the road while going around a curve, overcorrected by steering sharply to the left, and entered into the opposing lane of traffic. Ms. Granger's vehicle collided head on with a vehicle being driven by Gordon R. Sibley, causing his vehicle to flip and roll over. As a result of the collision, Mr. Sibley suffered severe physical injuries. At the time of the accident, Ms. Granger was driving under the influence of alcohol and prescription medications for which she did not have prescriptions. She was arrested and ultimately pleaded guilty to a charge of first degree vehicular negligent injuring, and was sentenced to serve four years imprisonment at hard labor, with two years of the sentence suspended.

On December 9, 2005, Mr. Sibley, his wife, Carolyn A. Sibley, and their minor child, Katelyn D. Sibley (by and through Mr. Sibley), filed suit against Ms. Granger and her automobile insurer, Progressive Security Insurance Company. In subsequent discovery dispositions, Ms. Granger testified that on the day of the accident, prior to leaving her workplace at the Wal-Mart in Walker, Louisiana and while she was on the clock during the day, she consumed alcohol and took prescription drugs (Lortabs and Xanax) supplied to her by her supervisor, Herbert B. Corkern, III. Ms. Granger, who was over the age of twenty-one, indicated she had been in a sexual relationship with Mr. Corkern for several months before the accident. At the time, Ms. Granger worked in the meat department at Wal-Mart

department, and Mr. Corkern was the manager of the deli, seafood and meat departments.

Ms. Granger testified Mr. Corkern frequently clocked her in for work early when she was not actually present, approved her arriving to work tardy, and/or authorized her to clock out of work early so that she could meet him off premises to drink alcohol, take prescription drugs (Lortab and Xanax) he provided, and have sexual relations. According to Ms. Granger, she also frequently drank alcohol, took Lortabs and Xanaxs supplied by Mr. Corkern, and had sexual relations with him on Wal-Mart premises when they were both at work.

Ms. Granger claimed she was on her way to meet Mr. Corkern when the accident at issue occurred. She testified that after Mr. Corkern left Wal-Mart that day, he called her on her cell phone and told her to make an excuse to leave early and come meet him at a local grocery store. She told her immediate supervisor she had a family emergency, clocked out, then left Wal-Mart to meet Mr. Corkern off premises. The accident occurred shortly thereafter.

In his deposition testimony, Mr. Corkern denied ever having a sexual relationship with Ms. Granger or calling her to come meet him on the day of the accident. He testified he had completed his work duties for the day and was at home preparing for a hunting trip at the time the accident occurred. Mr. Corkern also denied supplying Ms. Granger with any alcohol or drugs.

On June 23, 2014, plaintiffs, Mr. and Mrs. Sibley, together with their daughters, Katelyn Sibley and Randelyn Sibley Nelson, both of whom were minors at the time of the accident but had since become majors, filed an amended petition. The petition named Wal-Mart Louisiana, LLC, Mr. Corkern, and ABC Insurance Company, Mr. Corkern's homeowners and liability insurer, as additional defendants. Plaintiffs alleged Wal-Mart was vicariously liable for the actions of its employees,

4

Ms. Granger and Mr. Corkern, under the doctrine of *respondeat superior*. Additionally, plaintiffs alleged Wal-Mart was independently negligent in failing to properly supervise and monitor its employees and in failing to enforce its prohibitions against a supervisor having a sexual relationship with a subordinate and against the consumption of alcohol and other intoxicating substances by employees while on premises. Plaintiffs alleged Mr. Corkern was negligent because: (1) he supplied Ms. Granger with alcohol and other intoxicating substances under coercive circumstances causing her to feel compelled to consume them in order to avoid adverse job consequences; and (2) he instructed Ms. Granger to leave Wal-Mart's premises on the date of the accident in order to meet him when he knew or should have known that it was dangerous for her to operate a motor vehicle in her condition.

After various proceedings, Wal-Mart and Mr. Corkern each filed a motion for summary judgment and a peremptory exception raising the objection of prescription.[1] Following a hearing, the district court granted both motions for summary judgment. The district court pretermitted ruling on the exceptions of prescription in view of the granting of Wal-Mart and Mr. Corkern's motions for summary judgment. On November 21, 2018, the district court signed a judgment dismissing plaintiffs' claims against Wal-Mart and Mr. Corkern. Plaintiffs have now appealed.

## ASSIGNMENTS OF ERROR

1. The district court erred in granting Wal-Mart's motion for summary judgment when there were issues of fact as to Wal-Mart's independent and vicarious liability.
2. The district court erred in finding no causal connection between Mr. Corkern's conduct and the accident at issue.

3. The district court erred in finding Wal-Mart's exception of prescription to be moot rather than denying it outright.

---

[1] Wal-Mart also raised the objection of no cause of action, which the district court pretermitted on the grounds of mootness. Plaintiffs have assigned no error to this ruling.

5

## SUMMARY JUDGMENT LAW

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Alvarado v. Lodge at the Bluffs, LLC,* 16-0624 (La. App. 1st Cir. 3/29/17), 217 So.3d 429, 432, <u>writ denied</u>, 17-0697 (La. 6/16/17), 219 So.3d 340.

The burden of proof rests on the mover. <u>See</u> La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(D)(1); *Alvarado,* 217 So.3d at 432.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. *Alvarado,* 217 So.3d at 432-33.

## LIABILITY OF WAL-MART
### (Assignment of Error Number One)

In their first assignment of error, plaintiffs argue summary judgment was improper due to the existence of issues of material fact concerning Wal-Mart's vicarious liability for the tortious actions of its employers, Ms. Granger and Mr. Corkern, as well as Wal-Mart's own independent negligence. We disagree. Based on our *de novo* review, we find the district court properly granted summary judgment dismissing plaintiffs' claims against Wal-Mart.

### *Vicarious Liability*:

Plaintiffs assert that, because Mr. Corker was a salaried supervisor who did not have to clock in or out of work or keep upper management apprised of his location, he "was ostensibly still working in the course and scope of his managerial position" when he demanded that Ms. Granger meet him off Wal-Mart's premises on the day of the accident. They further argue Ms. Granger believed she was required to comply with Mr. Corkern's "demands" in order not to jeopardize her employment at Wal-Mart. According to plaintiffs, Wal-Mart is vicariously liable for the actions of Ms. Granger and Mr. Corkern because "Mr. Corkern used his position in Wal-Mart management to actualize his sexual desires by creating a hostile work environment for Ms. Granger."

Under La. C.C. art. 2320, an employer is answerable for the damage occasioned by its servant "in the exercise of the functions in which [the servant is] employed." Specifically, an employer is vicarious liable for a tort committed by its employee if, at the time, the employee was acting within the course and scope of his employment. *Holt v. Torino*, 12-1579 (La. App. 1st Cir. 4/26/13), 117 So.3d 182, 184-85, writ denied, 13-1161 (La. 8/30/13), 120 So.3d 267. An employee is acting within the course and scope of his employment when the employee's action is of the kind that he is employed to perform, occurs substantially within the authorized limits

7

of time and space, and is activated at least in part by a purpose to serve the employer. *Orgeron on Behalf of Orgeron v. McDonald*, 93-1353 (La. 7/5/94), 639 So.2d 224, 226-27; *Holt*, 117 So.3d at 185.

Generally, courts consider four factors when assessing vicarious liability, including whether the tortious act: (1) was primarily employment rooted; (2) was reasonably incidental to performance of employment duties; (3) occurred during working hours; and (4) occurred on the employer's premises. It is not necessary that each factor is present in each case, and each case must be decided on its own merits. *Holt*, 117 So.3d at 185. The determinative question is whether the employee's tortious conduct was so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest. *Holt*, 117 So.3d at 185.

If the purpose of serving the master's business actuates the servant to any appreciable extent, the master is subject to liability if the act is otherwise within the service. The scope of risk attributable to an employer increases with the amount of authority and freedom of action granted to the servant in performing his assigned tasks. *Holt*, 117 So.3d at 185-86. Further, an employer is not ordinarily liable for an employee's torts committed while going to and from work. *Holt*, 117 So.3d at 186.

The accident in this case did not occur either during Ms. Granger's work hours or on Wal-Mart's premises. The accident happened approximately twenty minutes after Ms. Granger clocked out of work and left Wal-Mart's premises in her personal vehicle. Ms. Granger's job in the meat department did not require her to perform tasks off premises, and she was not on a mission for Wal-Mart at the time of the

8

accident. Further, Ms. Granger's consumption of alcohol and drugs was not a function of her employment, specifically being in violation of Wal-Mart's policies (a fact she was aware of), and did not benefit Wal-Mart in any way. Plaintiffs have presented no evidence showing Ms. Granger's tortious conduct of driving while impaired by intoxicating substances in order to meet Mr. Corkern was either employment rooted or incidental to the performance of her job duties. Ms. Granger's actions were motivated purely by personal considerations. Despite plaintiffs' contentions that Ms. Granger was coerced into having an intimate relationship with Mr. Corkern out of fear of losing her job, Ms. Granger admitted that she continued her affair with Mr. Corkern for over a year after she left her job at Wal-Mart.

Considering the circumstances, it is clear Ms. Granger's conduct of driving while under the influence of alcohol and drugs, allegedly in order to meet Mr. Corkern, was not so closely connected in time, place, and causation to her employment duties in Wal-Mart's meat department as to be regarded as a risk of harm fairly attributable to Wal-Mart's retail business. Ms. Granger's conduct was motivated by personal considerations entirely extraneous to Wal-Mart's interests. We find no genuine issue of material fact that would support a finding that Ms. Granger was acting in the course and scope of her employment at the time of the accident.

We also reach the same conclusion with regard to Mr. Corkern, who denied engaging in any sexual relationship with Ms. Granger or supplying her with alcohol or drugs. Even if Mr. Corkern did engage in such conduct, he was aware of Wal-Mart's policies prohibiting him from having a sexual relationship with a subordinate employee or providing her with alcohol or unauthorized prescription drugs. Any such prohibited conduct by Mr. Corkern was not related to the performance of his job duties or in furtherance of Wal-Mart's interests. Moreover, it is undisputed that

both at the time that Mr. Corkern allegedly called Ms. Granger and told her to meet him off premises and at the time of the accident, Mr. Corkern was not on Wal-Mart's premises. Mr. Corkern testified in his deposition that, although he had worked earlier in the day, he was at home preparing to go hunting at the time of the accident.

We find no merit in plaintiffs' contention that because Mr. Corkern was a salaried supervisor who was not required to punch a time clock or report to anyone when he left Wal-Mart's premises, he was still acting within the course and scope of his employment when he allegedly called Ms. Granger shortly before the accident and "demanded" she meet him off premises. Plaintiffs have cited no authority for such a proposition. At the time the call was allegedly made, Mr. Corkern was off premises, was not on a mission for Wal-Mart, and was not performing any act reasonably incidental to his employment duties. Rather than being employment based, Mr. Corkern's alleged conduct was motivated solely by personal considerations related to his alleged intimate relationship with Ms. Granger. His actions were entirely extraneous to his job duties and did not benefit Wal-Mart in any way.

### *Independent Negligence*:

Plaintiffs contend that in addition to being vicariously liable for its employers' actions, Wal-Mart is also liable for its own independent negligence in failing to properly supervise its managers and employees. They argue the accident would not have happened if Wal-Mart had properly supervised and monitored workplace conditions so that Mr. Corkern could not have engaged in an inappropriate sexual relationship with Ms. Granger, manipulated her time cards to cover up the relationship, or provided her with alcohol and drugs on Wal-Mart's premises during work hours. According to plaintiffs, the frequent, approved deviations Ms. Granger

was allowed from her scheduled work hours should have been a red flag to Wal-Mart that something irregular was occurring and led to an investigation.

Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of La. C.C. art. 2315. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. A negative answer to any of these inquiries results in a determination of no liability. *Bellanger v. Webre*, 10-0720 (La. App. 1st Cir. 5/6/11), 65 So.3d 201, 207, writ denied, 11-1171 (La. 9/16/11), 69 So.3d 1149.

Thus, one of the threshold issues in any negligence action is whether the defendant owed the plaintiff a duty. *Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065, 1086. In *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095 (La. 3/10/06), 923 So.2d 627, 633, the Louisiana Supreme Court stated:

> Whether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty. [Citations omitted.]

There is an almost universal duty on the part of a defendant in a negligence action to use reasonable care to avoid injury to another. *Rando*, 16 So.3d 1086. Further, the owner or operator of a facility generally has a duty to exercise reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm. While a business establishment is under a duty to take reasonable care for the safety of its patrons, it is not the insurer

11

of their safety. *Peterson v. Gibraltar Savings and Loan*, 98-1601 (La. 5/18/99), 733 So.2d 1198, 1204.

Plaintiffs have presented no authority establishing Wal-Mart owed a duty to third persons *who were not patrons or on Wal-Mart's premises* to supervise its managers and employees to prevent inappropriate conduct or to monitor their time cards for irregularities. Any duty Wal-Mart may have had in this respect was owed for the protection of Wal-Mart's patrons and other persons on its premises. See *Peterson*, 733 So.2d at 1204. Even assuming *arguendo* that Wal-Mart owed a duty to plaintiffs, such duty did not encompass within its protection the risk that impaired driving by a Wal-Mart employee who had secretly consumed alcohol and prescription drugs supplied by her supervisor during work hours would cause injury to a third person off premises after the employee had clocked out and departed Wal-Mart. A risk may not be within the scope of a duty when the circumstances of the plaintiff's particular injury could not be reasonably foreseen or anticipated because there is no ease of association between the risk and the legal duty. *Rando*, 16 So.3d at 1092. No ease of association exists herein between plaintiffs' injuries and any duty Wal-Mart may have had to supervise its supervisors and employees or to monitor their time cards.

Accordingly, the district court properly granted summary judgment dismissing plaintiffs' negligence and vicarious liability claims against Wal-Mart.

## LIABILITY OF MR. CORKERN
(Assignment of Error Number Two)

Plaintiffs argue the district court erred in dismissing their claims against Mr. Corkern based on the court's finding that no causal connection existed between Mr. Corkern's conduct and the accident caused by Ms. Granger's impaired driving. They contend the district court erred because without the influence and coercion Mr. Corkern exerted upon Ms. Granger, she would not have consumed alcohol and drugs

12

supplied by Mr. Corkern and then left work early to drive across town to meet him. Plaintiffs argues genuine issues of material facts exist regarding Mr. Corkern's comparative fault under La. C.C. art. 2323 for his part in causing the foreseeable accident that occurred as a result of his supplying alcohol and drugs to Ms. Granger and then "demanding" she drive across town to meet him.

Based on our *de novo* review, we find no merit in plaintiffs' contentions. Even if Mr. Corkern's alleged actions were a cause-in-fact of plaintiffs' damages, there is no genuine issue of material fact that his actions were not a legal or proximate cause of those damages. In enacting La. R.S. 9:2800.1, the legislature expressed in the strongest possible way a public policy of holding adults who consume alcohol, rather than the person who furnishes or supplied the alcohol, personally responsible for any consequences arising out of the consumption of alcohol. *Bell v. Hurstell*, 99-1333 (La. App. 4th Cir. 6/16/99), 743 So.2d 720, 721, writ denied, 99-2021 (La. 10/29/99), 748 So.2d 1165; see also *Vaughan v. Hair*, 94-86 (La. App. 3d Cir. 10/5/94), 645 So.2d 1177, 1182, writ denied, 95-0123 (La. 3/10/95), 650 So.2d 1186. Specifically, La. R.S. 9:2800.1(A) states:

> The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.

At the hearing on the motions for summary judgment, plaintiffs argued La. R.S. 9:2800.1 did not apply in cases such as this one where the intoxicated person is encouraged by another to drink alcoholic beverages. However, the only statutory exceptions provided by La. R.S. 9:2800.1 are when the intoxicated person was forced to consume alcoholic beverages or it was falsely represented to him that the beverage had no alcohol, or if a minor was provided with or sold alcoholic

13

beverages. La. R.S. 9:2800.1(E); *Aucoin v. Rochel*, 08-1180 (La. App. 1st Cir. 12/23/08), 5 So.3d 197, 201, <u>writ denied</u>, 09-0122 (La. 3/27/09), 5 So.3d 143.

Ms. Granger admitted in her deposition that Mr. Granger did not force her to consume alcohol or the drugs he provided. Nor was there any allegation Mr. Corkern falsely represented to Ms. Granger that there was no alcohol in the beverages he provided to her.

In any event, even if La. R.S. 9:2800.1 is not applicable, we find the summary judgment dismissing plaintiffs' claims against Mr. Corkern was proper for the additional reasons expressed by the learned district court in its written reasons for judgment, as follows:

> Corkern argue[s] a lack of legal causation under the fourth prong of Louisiana's duty-risk analysis. Under this analysis, even when a duty exists, the scope of this duty must extend to the risk at hand. This portion of the duty risk analysis asks whether the rule extends to or is intended to protect *this plaintiff* from *this type of harm* arising in *this manner*. The Louisiana Supreme Court has provided:
>
>> In determining the limitation to be placed on liability for a defendant's substandard conduct—i.e., whether there is a duty-risk relationship—we have found the proper inquiry to be how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced. Restated, the ease of association inquiry is simply: "How easily does one associate the plaintiff's complained-of harm with the defendant's conduct?"... Although ease of association encompasses the idea of foreseeability, it is not based on foreseeability alone. Absent an ease of association between the duty breached and the damages sustained, we have found legal fault lacking.
>
> In this case, even accepting Granger's testimony as true, the Court does not find Corkern's actions to be the legal cause of the accident. In employing the duty-risk analysis the required ease of association is absent in this matter. Corkern's actions were not concurrent with Granger's act of colliding with Plaintiff's vehicle. It was Granger's decision to drive under the influence of drugs and alcohol. Her independent decision to drive intoxicated was an intervening cause, making Corkern's actions too attenuated under the duty-risk analysis.

(Citations omitted.)

14

## EXCEPTION OF PRESCRIPTION
### (Assignment of Error Number Three)

Plaintiffs contend the district court erred in finding the exceptions of prescription filed in this matter were moot. They argue the district court should instead have denied the exceptions outright.

A court is not required to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. *In re E.W.*, 09-1589 (La. App. 1st Cir. 5/7/10), 38 So.3d 1033, 1037; also see *Central Properties v. Fairway Gardenhomes, LLC*, 16-0111 (La. App. 1st Cir. 9/16/16), 204 So.3d 240, 249; reversed on other grounds, 16-1855 (La. 6/27/17), 225 So.3d 441. Because the district court dismissed plaintiffs' claims against Wal-Mart and Mr. Corkern, with prejudice, pursuant to their motions for summary judgment, we find no error in the district court pretermitting a ruling on the exceptions of prescription filed by Wal-Mart and Mr. Corkern on the grounds of mootness.

## MOTION TO FILE UNDER SEAL

After the record was lodged in this matter, Mr. Corkern filed a motion in this court to seal all appellate briefs filed by the parties. Mr. Corkern asserted his privacy interests outweighed the public's interest in this matter. This court provisionally granted the motion, but reserved "the final determination as to whether these briefs should remain under seal" to the panel to which the appeal was assigned. *Gordon R. Sibley et al. v. Heather D. Granger and Progressive Insurance Agency*, 19-0411 (La. App. 1st Cir. 8/5/19) (unpublished).

The Louisiana Supreme Court has recognized that individuals involved in civil litigation may be compelled to produce documents of a confidential nature. Louisiana has no specific statute providing authority to a court to seal its record of a civil case from public inspection. See *Dipaola v. Municipal Police Employees'*

15

*Retirement System*, 14-0037 (La. App. 1st Cir. 9/25/14), 155 So.3d 49, 51 n.1, writ denied, 14-2575 (La. 2/27/15), 159 So.3d 1071. Thus, we conclude there is no valid reason to extend the district court's order sealing portions of the record. Without making any ruling as to the sound discretion of the district court's original order sealing portions of the trial court record, we hereby deny the motion to seal the appellate briefs filed in this matter. See *Dipaola*, 155 So.3d at 51.

## CONCLUSION

For the reasons assigned, the November 21, 2018 judgment of the district court dismissing, with prejudice, the claims of plaintiffs, Gordon Sibley, Carolyn A. Sibley, Katelyn D. Sibley, and Randelyn S. Nelson, against defendants, Wal-Mart Louisiana, LLC and Benjamin B. Corkern, III, is affirmed. Additionally, we deny the motion to file the appellate briefs under seal. All costs of this appeal are to be paid by plaintiffs.

**MOTION TO FILE UNDER SEAL DENIED; JUDGMENT AFFIRMED.**