880 So.2d 953 (2004)
Josephus BUSH, Jr., Plaintiff-Appellant
v.
XYZ INSURANCE COMPANY, et al, Defendant-Appellee.
No. 38,867-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 2004.
*954 Norman R. Gordon & Associates, LLC, by Norman R. Gordon, Shreveport, for Appellant.
Mayer, Smith & Roberts, L.L.P., by Kim Purdy Thomas, Shreveport, for Appellee, Merline Computers, LLC.
Before STEWART, PEATROSS & MOORE, JJ.
PEATROSS, J.
This appeal arises from a trial court judgment in favor of Defendant, Merlin Computers, LLC ("Merlin Computers")[1], and against Plaintiff, Josephus Bush, Jr. ("Bush"). Bush now appeals the judgment of the trial court. For the reasons stated herein, we affirm.

FACTS
On February 7, 2000, Bush visited Merlin Computers in Shreveport. During the visit, Bush sat in a steel executive upright chair[2], a chair reserved for customers. As soon as Bush sat down in the chair, it collapsed, causing him to strike his head on a nearby desk. In the collapse, Bush also injured his back. It was determined that the cause of the accident was fracture of the welds on the chair. The weld on the back of the chair broke into two separate pieces, causing the chair seat to separate from the base support structure.
On November 28, 2000, Bush filed a lawsuit against Merlin Computers, the owner of the chair and the chair manufacturer, True Seating Company.[3] A trial was held on October 1, 2003. At trial, it was determined that, prior to this incident, there had been no instances where this chair or any other chair purchased from Sam's Club had a problem similar to the one which occurred with Bush. There had never been any indication to Merlin Computers' employees that the weld on this chair or any other chair was in the process of failing. The expert for Bush, Jamie Galis, found no deficiencies in the assembly of the chair. Ms. Galis was unable to say whether anyone sitting in the chair *955 prior to the Bush accident would have experienced anything other than normal use of the chair prior to the failure of the weld. Further, she was unable to say that, if someone turned the chair over prior to the accident to examine it for structural problems, he or she would have, more probably than not, seen the potential problems of the weld to fail.
Under La. C.C. art. 2317.1,
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
After hearing all the testimony, the trial court ruled in favor of Merlin Computers, finding that Bush had failed to show that anyone from Merlin Computers either knew or should have known that the chair was defective. Bush now appeals, raising the following assignment of error (verbatim):
The trial court erred in finding that the defendant was not negligent in maintaining the chair that caused the plaintiff's injuries.

DISCUSSION
It is well settled that a court of appeal should not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The reviewing court must do more than just simply review the record for some evidence which supports or controverts the trial court's findings; it must, instead, review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Id. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Cosse v. Allen-Bradley Co., 601 So.2d 1349 (La.1992). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991) (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990)).
Bush argues that, because screws in the armrests of the chair and other similar chairs became loose from time to time and had to be tightened, this is evidence that Merlin Computers' employees knew or should have known that the entire chair was defective. We do not agree. Occasional loose screws in the armrest alone would not be enough to give sufficient warning to Merlin Computers' employees that the chair as a whole was defective.
Bush's reliance on Brown v. Williams, 36,863 (La.App.2d Cir.7/31/03), 850 So.2d 1116, writ denied, 03-2445 (La.11/21/03), 860 So.2d 555, to support his argument is misplaced. In Brown, supra, a panel of this court held that an owner of a tree that caused damage to a neighbor's house was liable to the neighbor because he knew or should have known of the tree's rotting condition. In coming to this conclusion, the court found that the owner of the tree had not performed any maintenance on it or provided the minimal care to the tree required by law. This is different than the instant case because here Merlin Computers' employees routinely checked the chair when they tightened the screws and they *956 performed what was minimally required of them to make sure the chair was in working order. During this maintenance of the chair, Merlin Computers' employees found no evidence of structural problems in the chair.
Ultimately, the chair failed not because of loose screws in the armrest, but, instead, because of the failure of the weld supporting the seat. There is no way Merlin Computers' employees would have known of the defect in the chair unless they hired a metallurgist to inspect it thoroughly before it was placed into use. We find nothing in the statutes or jurisprudence that would suggest that such a great burden is on an owner of a thing to hire an expert to inspect it thoroughly before it is placed into use, and we decline to place such a burden on Merlin Computers here.[4] Bush's own expert witness testified that she was unable to say that, even if someone turned the chair over prior to the accident to examine it for structural problems, he or she would have seen the potential problems of the weld to fail. We find no evidence in this record that Merlin Computers' employees knew or should have known of the defective weld in the chair. The trial court judgment is a reasonable one and we will not reverse it on appeal.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff, Josephus Bush, Jr.
AFFIRMED.
NOTES
[1] XYZ Insurance Company ("XYZ") is alleged to be the insurer for Merlin Computers.
[2] Merlin Computers bought several of these chairs from Sam's Club on or about August 8, 1997.
[3] True Seating Company was later dismissed from this lawsuit.
[4] After a thing has injured someone, on the other hand, it does put the owner on notice that the thing may cause a tortious injury to someone and the owner then does have a duty to inspect it closely and, if necessary, remove it from harming others.