HOLDRIDGE, J.
LThe plaintiff appeals a summary judgment dismissing her tort claims against the defendants. We affirm.
FACTS AND PROCEDURAL HISTORY
Elizabeth Alvarado alleges that she sustained injuries on August 6, 2013, when a stool collapsed beneath her while she and her husband, Dr. Luis Alvarado, were paid guests at The Lodge at the Bluffs, a condominium resort in St. Francisville, Louisiana. On March 24, 2014, Elizabeth filed suit against the Lodge at the Bluffs Condominium Association, Inc., and its insurer, James River Insurance Company, as well as Cole P. Properties, L.L.C., the owner of the condominium unit in which the stool was located.[1]
*431 After denying any liability, the Lodge and Cole Properties filed motions for summary judgment seeking a dismissal of Elizabeth’s claims. The Lodge asserted that it did not own or maintain the stool and that it had no prior knowledge of any defects in the stool. Cole Properties did not dispute that it owned the unit, but contended that it did not have custody or garde of the stool, because the Lodge contractually assumed that responsibility. Cole Properties further asserted that the plaintiff could not prove that the stool had a defect or that Cole Properties knew or should have known of any defect. Elizabeth opposed both motions.
The evidence offered in connection with the motions for summary judgment established that the condominium unit leased by the Alvarados was owned by Cole Properties and was included in a “rental pool.” For units included in the rental pool, the resort functioned much like a hotel, with the Lodge being responsible for | sbooking guests, collecting and remitting rent, and cleaning the units before and after a guest’s stay.
The interior of each unit, including the furniture, was owned by the respective unit owners. The furniture in the subject unit (sometimes referred to as “unit 10”) included a small stool that was located in front of a vanity and mirror. The stool, according to both Elizabeth and Luis, appeared normal and did not look broken or otherwise unusable. As Elizabeth prepared to use the vanity area, she sat on the stool and it collapsed, causing her to fall to the floor. After assisting his wife, Luis inspected the stool and immediately noticed that two or three screws were missing from its underside. Luis searched throughout the room for the screws but did not find them.
After the incident was reported, an employee of the Lodge, Elizabeth Smith, came to unit 10 and observed the bottom of the stool where the screws were missing. After looking around on the floor, Smith was also unable to find any of the missing screws. Smith prepared a statement documenting the accident, wherein she stated, in relevant part, “Mrs. Alvarado, a guest in Unit 10, sat on the vanity stool and it collapsed under her, due to two missing screws.” Photographs of the stool attached to Smith’s deposition show empty screw holes where the legs of the stool attach to its underside.
In denying responsibility for the stool’s condition, both defendants relied upon provisions contained in the “RENTAL POOL AGREEMENT” applicable to unit 10. Pursuant to that agreement, Cole Properties was responsible for furnishing and maintaining the unit, but the Lodge was obligated to make reasonable efforts to notify Cole Properties of any necessary repairs. The Lodge also had the right to make the repairs, but the cost of the repairs had to be paid by Cole Properties.
^Depositions of representatives of both defendants were also introduced in connection with the motions. A representative of the Lodge testified that the unit owner was responsible for everything inside a unit, including the furniture. However, according to a representative of Cole Properties, the owner relied on the Lodge to maintain, inspect, and repair the unit.
The evidence also established that condominium units in the rental pool were cleaned by employees of the Lodge before and after each rental by a guest. If a member of the cleaning staff noticed any issues with a unit, the matter was noted in *432 a cleaning report and was communicated to a supervisor for further attention. The Lodge was not aware of any reported problems for unit 10; and the cleaning reports for the unit, which was regularly rented, did not identify any problems with it prior to the Alvarados’ arrival.
The motions proceeded to a hearing where the trial court ruled in favor of both defendants, explaining:
Clearly, either the Lodge or Cole P. Properties had legal guard or custody of this vanity stool .... However, I don’t find it necessary to determine which of those entities had legal custody because I find that neither Cole P. Properties nor the Lodge knew, or reasonably should have known, that there was a defect in this vanity stool.
It is simply not reasonable to expect either party, be they owner or non-owner custodian, in a rental unit to have their employees pick up, turn over, and inspect every piece of furniture to search for defects each time a unit is rented out. When a piece of furniture visually appears in a totally normal condition!;,] it is reasonable to proceed on the belief that it is in normal usable condition to be utilized in the manner it was intended.
The trial court signed a judgment on December 30, 2015, granting both motions for summary judgment and dismissing the claims against all defendants with prejudice. Elizabeth appeals.
DISCUSSION
15A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).[2] In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
The burden of proof is on the mover. See La. C.C.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover’s burden does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(C)(2); Cason v. Saniford, 13-1825 (La.App. 1 Cir. 6/6/14), 148 So.3d 8, 11, writ denied, 14-1431 (La. 10/24/14), 151 So.3d 602.
In ruling on a motion for summary judgment, the court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to deter *433 mine whether there is a genuine issue of triable fact. Hines v. Garrett, 04-0806 (La. 6/25/04), 876 So.2d 764, 765. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050. Circumstantial evidence may establish the existence of a genuine issue of material fact to defeat summary judgment. See Ledet v. Robinson Helicopter Co., 15-1218 (La.App. 1 Cir. 4/15/16), 195 So.3d 89, 92, writ denied, 16-00937 (La. 9/6/16), 204 So.3d 1002.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Fonseca v. City Air of Louisiana, LLC, 15-1848 (La.App. 1 Cir. 6/3/16), 196 So.3d 82, 86; Pumphrey v. Harris, 12-0405 (La.App. 1 Cir. 11/2/12), 111 So.3d 86, 89.
Elizabeth asserted tort claims against the Lodge and Cole Properties based upon allegations that the defendants failed to provide her with safe accommodations, more specifically that the subject stool was missing necessary parts, was negligently maintained, and was unreasonably dangerous. She further alleged that the defendants knew or, in the exercise of reasonable care, should have known that the stool was defective. She sought recovery, in part, under Louisiana Civil Code article 2317.1, which provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
An essential element to a claim under Article 2317.1 is proof that the owner or custodian had actual or constructive knowledge of the defect, meaning the party either knew of the defect or, in the exercise of reasonable care, should have known 17of the defect. See Tomaso v. Home Depot, U.S.A., Inc., 14-1467 (LaApp. 1 Cir. 6/5/15), 174 So.3d 679, 682. The concept of constructive knowledge under Article 2317.1 imposes a reasonable duty on the owner or custodian to discover apparent defects in the thing in his garde. Broussard v. Voorhies, 06-2306 (La.App. 1 Cir. 9/19/07), 970 So.2d 1038, 1045, writ denied, 07-2052 (La. 12/14/07), 970 So.2d 535. The determination of whether an owner or custodian had constructive knowledge of a defective condition is a question of fact. Blevins v. E. Baton Rouge Parish Hous. Auth., 15-0896 (La.App. 1 Cir. 3/22/16), 2016 WL 1135453, 2, writ denied, 16-0602 (La. 5/20/16), 191 So.3d 1068.
The allegations of Elizabeth’s petition also invoke the duty of care owed by an innkeeper to its guests. An innkeeper has a duty to maintain his premises in a reasonably safe and suitable condition, and to warn guests of any hidden or concealed perils that are known or reasonably discoverable by the innkeeper. Pitts v. Felcor Lodging Trust Inc., 09-0249 (La. App. 1 Cir. 9/11/09), 2009 WL 3162050, 2, writ denied, 09-2199 (La. 12/11/09), 23 So.3d 925. To that end, an innkeeper must conduct reasonable inspections of the premises and mechanical equipment. See Gray v. Holiday Inns, Inc., 99-1292 (La.App. 1 Cir. 6/23/00), 762 So.2d 1172, 1175.
Under La. C.C.P. art. 966(C)(2), the Lodge and Cole Properties as the movers *434 were required to point out to the court an absence of factual support for one or more essential elements of Elizabeth’s .claim. They had to show the lack of factual support for her claim that they had actual or constructive knowledge of the defect in the stool. Thereafter, Elizabeth had to produce factual evidence sufficient to establish that she would be able to satisfy her evidentia-ry burden of proof at trial.
|sThe evidence regarding defendants’ knowledge about the stool’s condition consisted primarily of the housekeeping measures undertaken for unit 10 prior to the accident. Employees of the Lodge cleaned the unit, which was frequently leased, before and after each rental by a guest. Generally, if the cleaning staff observed “anything amiss” while cleaning a unit, the matter was documented and reported. No problems were reported for unit 10 prior to the accident. Outside of the cleaning staffs periodic presence in the unit, the only other purported inspection of the unit’s contents occurred about two years before Elizabeth’s accident, at which time two employees of the Lodge evaluated the unit’s interior; however, it was not clear if that evaluation involved any inspection or specific review of the vanity stool.
The trial court concluded that the defendants did not have actual or constructive knowledge of the alleged defect in the chair. In reaching that conclusion, the trial court opined that it was unreasonable for the defendants “to have their employees pick up, turn over, and inspect every piece of furniture to search for defects each time a unit is rented out.” We agree with the trial court that the owner or the non-owner custodian of a rental unit must only exercise reasonable cafe in its investigation or examination of stools, chairs, couches, and other sitting furniture each time a unit is rented. Reasonable care does not require an innkeeper to conduct an intensive inspection or search for missing screws or other parts in chairs or stools after each rental or use, but only to make reasonable inspections to determine if any piece of.furniture is in disrepair or defective. We further note that there were no complaints or observations about the stool by the many people who had rented the unit prior to the plaintiffs. Clearly, any defect in the stool was not known by the defendants prior to the accident. We conclude that the staffs cleaning of the unit before and after each rental and observing the 13general condition of all furniture was sufficient to satisfy the defendants’ obligation to use reasonable care to discover any defects in the furniture in the unit.
The summary dismissal of Elizabeth’s claims is supported by prior jurisprudence from this court, Parsons v. Sholand, LLC, 13-2217 (La.App. 1 Cir. 8/29/14) 2014 WL 4317786, as well as two cases from other circuits, Thompson v. Nelon’s Fast Foods, Inc., 42,825 (La.App. 2 Cir. 1/23/08), 974 So.2d 835, and Bush v. XYZ Ins. Co., 38,867 (La.App. 2 Cir. 8/18/04), 880 So.2d 953. In Parsons, this court affirmed the dismissal of plaintiffs claims on summary judgment where the plaintiff failed to show that defendant knew or should have known of a defect in a collapsed chair in a restaurant, 2014 WL 4317786 at 3-4. The chair collapsed allegedly due to a broken weld between the chair leg and a cross beam. Parsons, 2014 WL 4317786 at 1. In affirming that judgment, this court rejected plaintiffs contention that the defendant had to inspect all points of attachment on the chair for broken welds pursuant to the manufacturer’s instructions, even in a restaurant setting where the use of chairs is extremely frequent. Parsons, 2014 WL 4317786 at 3. A waitress’ deposition testimony established that each week the chairs were wiped by hand, including the legs, and that the restaurant had never *435 experienced a chair collapse before. Parsons, 2014 WL 4317786 at 2-3. The court further noted that there was a lack of evidence that the weld fracture existed prior to the accident or that it would have been visible or discoverable upon mere inspection. Id. Lastly, the court stated that plaintiff failed to introduce any evidence regarding the weight bearing capacity of the chair and that plaintiffs weight made it unlikely that the only plausible reason for the chair’s collapse was the restaurant’s alleged negligence. Parsons, 2014 WL 4317786 at 4. Likewise, in the case at bar, plaintiff did not introduce evidence establishing how much weight the chair could hold.
11flThompson also involved a restaurant chair that collapsed under a patron. 974 So.2d at 836. In affirming a summary judgment in favor of the defendant, the court of appeal found that nothing in the record supported plaintiffs contention that defendants knew or should have known of the chair’s structural problem. Thompson, 974 So.2d at 838. The Second Circuit noted that the records did not show that the restaurant ever had a problem with a chair, that employees moved the chairs and tables as they cleaned the dining area and were told to report any problems with the furniture, and that a weekly detailed cleaning of the dining area was performed with the chairs placed upside down on the tables. Thompson, 974 So.2d at 837.
In Bush, the plaintiff alleged that a chair in a store collapsed. due to a defective weld. 880 So.2d at 954. After a trial, the trial court found in favor of the defendant, and the court of appeal affirmed, rejecting the plaintiffs contention that the store employees should have done a more thorough inspection of the chair to discover defects because screws in the chair’s, armrests came loose “from time to time” and had to be tightened. Bush, 880 So.2d at 955. The court noted that the employees performed what was minimally required of them to make sure the chair was in working order. Bush, 880 So.2d at 955-56.
In each of these cases, the courts rejected the plaintiffs’ contentions that the chairs must be thoroughly inspected to determine if they were defective. Two of these cases involved restaurants where chairs would be used much more than the stool in this condominium.
Moreover, the plaintiff has failed to prove that the accident would not have happened but for the lack of inspection. The plaintiff has the burden of proving when the screws were missing so that a reasonable inspection within a reasonable time would have discovered the missing screws and the accident would not have [^happened. See, e.g., Clark v. J-H-J Inc., 13-0432 (La.App. 1 Cir. 11/1/13), 136 So.3d 815, 817-818, writ denied, 13-2780 (La. 2/14/14), 132 So.3d 964 (in a slip and fall .case applying La. R.S. 9:2800.6(C)); Boutin v. Roman Catholic Church of Diocese of Baton Rouge, 14-313 (La.App. 5 Cir. 10/29/14), 164 So.3d 243, 246-47, writ denied, 14-2495 (La. 2/13/15), 159 So.3d 469.
Considering the evidence before the court, and construing the factual inferences reasonably drawn therefrom in favor of the -opponent of the motions for summary judgment, we find that Elizabeth did not meet her burden of establishing that she could meet her evidentiary burden of proving at trial that defendants had actual or constructive notice of a defect in the stool. Elizabeth’s contention that the trial court erred in granting summary judgment to the defendants on that basis has no merit.
CONCLUSION
The December 30, 2015 judgment, which granted the motions for summary judgment filed by Lodge at the Bluffs Condo *436 minium Association, Inc. and James River Insurance Company and by Cole P. Properties, L.L.C. and dismissed Elizabeth Alvarado’s suit, is affirmed. Costs of this appeal are assessed to Elizabeth Alvarado.
AFFIRMED.
W.J.C. dissents for reasons assigned

. The petition named "Lodge at the Bluffs, LLC” as a defendant, but in subsequent *431 pleadings filed on its behalf, this defendant appears as the "Lodge at the Bluffs Condominium Association, Inc.” This defendant and its insurer will be collectively referred to herein as “the Lodge.”

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of Article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case, See Acts 2015, No. 422, §§ 2 and 3.