NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0445

KATHLEEN STUCKEY

VERSUS

REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY AND
ROBERTO BRUMEN

*DATE OF JUDGMENT:*    JAN 0 9 2020

ON APPEAL FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT
NUMBER 43827, DIVISION D, PARISH OF WEST BATON ROUGE
STATE OF LOUISIANA

HONORABLE ELIZABETH A. ENGOLIO, JUDGE

* * * * * *

Joseph S. Manning
William C. Rowe, Jr.
Adrian P. Smith
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellant
Kathleen Stuckey

Jason T. Reed
Carolyn C. Cole
Lafayette, Louisiana

Counsel for Defendants-Appellees
Republic Fire and Casualty Insurance
Company and Roberto Brumen

* * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: AFFIRMED.

**Chutz, J.**

In this personal injury case, plaintiff, Kathleen Stuckey, appeals a district court judgment granting summary judgment and dismissing her claims against defendants, the owner of a dog that allegedly injured plaintiff, and the owner's insurer. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

After they met in September 2015, Ms. Stuckey and Roberto Brumen reached an arrangement whereby Ms. Stuckey agreed to help Mr. Brumen with cooking, cleaning, grocery shopping, and other errands in exchange for use of living quarters located on his property separate from the main house. Ms. Stuckey's duties included caring for Mr. Brumen's two dogs, one of which was an approximately seventy-five pound Schnauzer mix named Mr. Whiskers. On February 28, 2017, Mr. Brumen, who had invited guests to his home for a barbeque, asked Ms. Stuckey to put the two dogs into an outdoor enclosure located in his fenced backyard. The enclosure was separately fenced and gated.

Ms. Stuckey had no difficulty putting the first dog into the enclosure, but Mr. Whiskers would not come when he was called and began running around the backyard. Ms. Stuckey explained that Mr. Whiskers liked to make a game of being put into his enclosure. To lure him into the enclosure, Ms. Stuckey stood in front of the enclosure's gate with a dog treat in her right hand. When Mr. Whiskers came close enough, Ms. Stuckey grabbed his collar with her left hand. However, Mr. Whiskers managed to slip out of his collar while Ms. Stuckey was holding on it, which "jerked" her left hand and resulted in her fracturing her wrist.

On July 31, 2017, Ms. Stuckey filed a petition for damages naming Mr. Brumen and his insurer, Republic Fire and Casualty Insurance Company (collectively, "defendants"), as defendants. She alleged Mr. Brumen was "strictly liable" for the actions of his dog, which she alleged she did not provoke in any way.

2

After various proceedings, on November 8, 2018, defendants filed a motion for summary judgment. Defendants asserted Ms. Stuckey could not establish Mr. Brumen could have prevented her injury, an essential element of her claim, because she could not make a showing that Mr. Whiskers presented an unreasonable risk of harm. Following a hearing, the district court granted defendants' motion for summary judgment and dismissed Ms. Stuckey's claims against defendants with prejudice. Ms. Stuckey now appeals.

## DISCUSSION

In three assignments of error, Ms. Stuckey argues summary judgment in favor of defendants was inappropriate because the district court erred in: applying an incorrect standard for determining strict liability for injuries caused by a dog; failing to find genuine issues of material fact existed as to whether Mr. Brumen knew or should have known his dog's unruly nature could cause harm; and in not allowing Ms. Stuckey to assert a negligence claim.

A motion for summary judgment shall be granted only if the pleadings, memoranda, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Alvarado v. Lodge at the Bluffs, LLC,* 16-0624 (La. App. 1st Cir. 3/29/17), 217 So.3d 429, 432, writ denied, 17-0697 (La. 6/16/17), 219 So.3d 340.

The burden of proof rests on the mover. See La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover's burden does not require that all essential

3

elements of the adverse party's claim be negated. Instead, the mover must point out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual evidence sufficient to establish the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(D)(1); *Alvarado,* 217 So.3d at 432.

The liability of a dog owner for damages caused by his dog is governed by La. C.C. art. 2321, which states:

> The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. **Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog.** Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. [Emphasis added.]

To establish a strict liability claim against a dog owner under Article 2321, the plaintiff must prove that the dog damaged his person or property, the owner could have prevented the injuries, and the injuries did not result from the injured person's provocation of the dog. *Pepper v. Triplet,* 03-0619 (La. 1/21/04), 864 So.2d 181, 200. To show that the owner could have prevented the injuries under Article 2321, the plaintiff must prove that the dog presented an unreasonable risk of harm. *Pepper,* 864 So.2d at 200; *Williams v. Galofaro,* 11-0487 (La. App. 1st Cir. 11/9/11), 79 So.3d 1068, 1072, writ denied, 11-2745 (La. 2/17/12), 82 So.3d 287. The criterion for determining whether the dog posed an unreasonable risk of harm to the plaintiff is a balancing of claims and interests, a weighing of the risk and gravity of harm, and a consideration of individual societal rights and obligations. *Pepper,* 864 So.2d at 195-96; *Williams,* 79 So.3d at 1072.

4

In determining whether strict liability has been established under Article 2321, it is important to remember that the unreasonable risk of harm requirement is "in effect, a limitation … upon the reach of strict liability, so the owner of an animal *is not required to insure against all risk or loss*." ***Pepper***, 864 So.2d at 195. (Emphasis added.) Unlike absolute liability, the standard of strict liability requires that the damage be caused by a dog that presented an unreasonable risk of harm to others. See ***Dubois v. Economy Fire & Casualty Company***, 30,721 (La. App. 2d Cir. 6/24/98), 715 So.2d 131, 133; see also ***Pepper***, 864 So.2d at 194-95.

The instant case is not one where a dog injured a stranger or a member of the public who was unfamiliar with the dog. At the time of the incident in question, Ms. Stuckey had lived on the same property and cared for Mr. Whiskers and Mr. Brumen's other dog for over a year. She handled Mr. Whiskers frequently and was well acquainted with his behavior, including his highly energetic, playful nature. Ms. Stuckey was also aware of Mr. Whiskers tendency to make a game out of avoiding being put into the backyard enclosure. It was at Ms. Stuckey's insistence that Mr. Whiskers wore a collar, and she knew he had slipped out of the collar on prior occasions. Moreover, although Ms. Stuckey testified Mr. Whiskers was unruly and had a habit of jumping on people (in her own words, without "malicious intent"), there was no evidence the dog had ever previously caused injury to anyone. In her deposition, Ms. Stuckey stressed that Mr. Whiskers was not an aggressive dog.

After weighing all social, economic, moral, and other considerations, we find there is no issue of material fact that Mr. Whiskers' playful behavior did not create an unreasonable risk of harm to Ms. Stuckey, who was the dog's caregiver and was well acquainted with his behavior. It does not appear that the likelihood of injury resulting from such dog-like behavior multiplied by the gravity of the harm threatened by the behavior outweighs the utility of keeping a dog as a pet in a home. See ***Williams***, 79 So.3d at 1075 (a puppy accidentally getting underfoot did not

5

present an unreasonable risk of harm to a housekeeper). Accordingly, because the record lacks factual support to establish Ms. Stuckey will be able to meet her evidentiary burden at trial of proving Mr. Whiskers presented an unreasonable risk of harm, summary judgment was appropriate.

Since our conclusion is based on a *de novo* review of the record, we need not consider Ms. Stuckey's contention that the district court applied the wrong legal standard in determining strict liability for injuries caused by a dog. See **Johnson v. Hackley**, 08-2115 (La. App. 1st Cir. 6/12/09) (unpublished), 2009 WL 1655550 at *2, writ denied, 09-1587 (La. 10/9/09), 18 So.3d 1290. Similarly, we need not consider Ms. Stuckey's contention that the district court erred in failing to find there were genuine issues of material fact as to whether Mr. Brumen knew or should have known his dog's unruly nature could cause harm. Actual or constructive knowledge that a dog's behavior could cause injury to others is not a requirement for the imposition of strict liability upon a dog owner under Article 2321. **Pepper**, 864 So.2d at 194; **McCoy v. Lucius**, 36,894 (La. App. 2d Cir. 3/5/03), 839 So.2d 1050, 1054, writ denied, 03-1217 (La. 3/26/04), 871 So.2d 344. Thus, Mr. Brumen's actual or constructive knowledge is not material to a determination of whether he was strictly liable to Ms. Stuckey for her injuries.

Lastly, we find no merit in Ms. Stuckey's contention that the district court erred in not allowing her to assert a claim in negligence at the hearing on defendants' motion for summary judgment. Ms. Stuckey argues that even though "[n]egligence was not pleaded in the petition specifically because injuries by dogs are governed by a strict liability standard not a negligence standard[,]" she should have been allowed to assert a negligence claim since Louisiana is a fact-pleading state that does not require specific legal theories to be pled.

Under the fact pleading utilized in Louisiana, a party may be granted any relief to which he is entitled under the pleadings and the evidence so long as the facts

6

constituting the claim are alleged. The petition must set forth the facts upon which recovery is based; otherwise the defendant would have neither adequate notice of the allegation nor an opportunity to counter the claim. See La. C.C.P. art. 891(A); *Greemon v. City of Bossier City*, 10-2828 (La. 7/1/11), 65 So.3d 1263, 1268; *Robertson v. West Carroll Ambulance Service District*, 39,331 (La. App. 2d Cir. 1/26/05), 892 So.2d 772, 777, writ denied, 05-0460 (La. 4/22/05), 899 So.2d 577.

In her petition, Ms. Stuckey merely alleged that she sustained a fracture to her wrist while on premises owned (at least in part) by Mr. Brumen when his dog, without provocation, knocked her to the ground. The petition contains no allegations of specific acts or omissions by Mr. Brumen that could be construed as negligence. In her opposition to defendants' motion for summary judgment, Ms. Stuckey made allegations that Mr. Brumen failed to properly train or supervise Mr. Whiskers despite knowing of his unruly behavior. However, a memorandum is not recognized as a pleading; a plaintiff cannot allege facts to support a new claim for the first time in a memorandum in opposition to a motion for summary judgment. *Williams v. Nelson*, 18-207 (La. App. 5th Cir. 12/19/18), 263 So.3d 466, 476, writ denied, 19-0092 (La. 3/18/19), 267 So.3d 92; see also *Bach v. Board of River Port Pilot Commissioners*, 15-765 (La. App. 5th Cir. 5/12/16), 193 So.3d 355, 366. Accordingly, no negligence claim was properly before the district court.

## CONCLUSION

For these reasons, the judgment of the district court granting summary judgment and dismissing the claims of plaintiff, Kathleen Stuckey, against defendants, Roberto Brumen and Republic Fire and Casualty Insurance Company, with prejudice, is affirmed. Plaintiff is to pay all costs of this appeal.

**AFFIRMED.**

7