NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0522

M.E. AND PAUL CORMIER

VERSUS

KRW CONSTRUCTION, LLC

*DATE OF JUDGMENT:* **APR 1 6 2021**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 654719, SECTION 22, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE TIMOTHY E. KELLEY, JUDGE

* * * * * *

Donald C. Hodge, Jr.
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellant
M.E. and Paul Cormier

Doris A. Royce
New Orleans, Louisiana

Counsel for Defendant-Appellee
KRW Construction, LLC

Timothy W. Hassinger
Patrick J. Schepens
Mandeville, Louisiana

Counsel for Defendant-Appellee
Seneca Specialty Ins. Co.

* * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Disposition: AFFIRMED.

Welch J. concurs in result without reasons

**CHUTZ, J.**

Plaintiffs-appellants, M.E. and Paul Cormier, appeal the trial court's grant of summary judgment concluding that a commercial general liability (CGL) insurance policy issued by defendant-appellee, Seneca Specialty Insurance Company (Seneca), provided no coverage for their claims against its insured, KRW Construction, LLC (KRW). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Cormiers filed this lawsuit on January 25, 2017, averring that they had entered into a contract with KRW for $169,911.00 on October 12, 2016 for renovations to their home, located in Baton Rouge, after it had flooded. Alleging that KRW had breached the agreement, the Cormiers claimed that KRW was indebted to them for at least $50,000.00. On March 16, 2017, KRW answered the lawsuit, generally denying the Cormiers' allegations, raising affirmative defenses, and asserting a reconventional demand claiming entitlement to damages for breach of contract as well as attorney fees and legal interest.

The Cormiers filed a supplemental and amending petition on August 9, 2017, adding Seneca as a defendant and averring that as KRW's CGL insurer, Seneca was liable to them in solido with KRW. After Seneca and KRW filed answers to the Cormiers' amended petition, Seneca filed a motion for summary judgment, claiming that it provided no coverage for the Cormiers' damages and was, therefore, entitled to dismissal from the lawsuit.

The trial court granted Seneca's motion and dismissed the insurer from this lawsuit after a hearing on November 18, 2019. The Cormiers timely appealed the judgment, signed on November 27, 2019, rendered in conformity with the trial court's oral ruling at the hearing.

2

## DISCUSSION

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for summary judgment show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Alvarado v. Lodge at the Bluffs, LLC*, 2016-0624 (La. App. 1st Cir. 3/29/17), 217 So.3d 429, 432, writ denied, 2017-0697 (La. 6/16/17), 219 So.3d 340. All reasonable inferences that may be drawn from the record are to be viewed in the light most favorable to the non-movant. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765.

The burden of proof rests with the mover. If the adverse party fails to produce factual evidence sufficient to establish the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(D)(1); *Alvarado*, 217 So.3d at 432. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765-66.

Because it is the applicable substantive law that determines materiality, whether a particular issue in dispute is material can be seen only in light of the substantive law applicable to the case. *Minix v. Pilot Travel Centers, LLC*, 2018-1197 (La. App. 1st Cir. 5/31/19), 277 So.3d 810, 813, writ denied, 2019-1074 (La. 10/8/19), 280 So.3d 149. Thus, we turn to the law on insurance policies.

3

An insurance policy is a conventional obligation that constitutes the law between the insured and the insurer, and the agreement governs the nature of their relationship. See La. C.C. art. 1983. An insurance policy is a contract, which must be construed employing the general rules of interpretation of contracts. See La. C.C. arts. 2045-2057. If the insurance policy's language clearly expresses the parties' intent and does not violate a statute or public policy, the policy must be enforced as written. *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 2006-1827 (La. 5/22/07), 958 So.2d 634, 638.

Liability insurance policies should be interpreted to effect rather than to deny coverage. It is well-settled, however, that unless a statute or public policy dictates otherwise, insurers may limit liability and impose such reasonable conditions or limitations upon their insureds. In these circumstances, unambiguous provisions limiting liability must be given effect. It is the insurer who bears the burden of proving that a loss falls within a policy exclusion. *Supreme Servs. & Specialty Co., Inc.*, 958 So.2d at 639.

In support of its motion for summary judgment, Seneca attached several items including a certified copy of the CGL insurance policy it issued to KRW; the Cormiers' responses to interrogatories that had been propounded on them; and the deposition testimony of Mrs. Cormier. With its showing, Seneca maintained that the damages the Cormiers claimed fall outside the ambit of the CGL coverage it provided to KRW.

The following facts were established by the attachments to Seneca's motion for summary judgment. Seneca issued to KRW the CGL policy, BAG—1015237-4, which commenced on July 18, 2016 and terminated on October 31, 2016, when it was canceled.

The Cormiers entered into a home renovation contract to repair the damages caused in the August 2016 floods, after they had completely gutted the house from

4

four feet down. They selected KRW because its owner, Kevin Williams, was the only bidding contractor who assured them of a turnaround time of 60 days. KRW began working for the Cormiers on October 13, 2016, the day after the contract was executed.

In November 2016, the Cormiers became aware that KRW was bouncing checks to suppliers. They were also advised by its employees that KRW was not paying them. In January 2017, the Cormiers fired KRW because, although their house was not completed, they had not seen Williams since before December 16, 2016. On January 25, 2017, they filed this lawsuit. After the termination of KRW, the Cormiers hired other contractors to make the house "livable" and moved back into their home on February 18, 2017.

According to the salient provisions of Section I of the Seneca's CGL policy, Coverage A, which addresses Property Damage Liability:

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of ... "property damage" to which this insurance applies. ...

   b. This insurance applies to ... "property damage" only if:

   (1)    The ... "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2)    The ... "property damage" occurs during the policy period....

2. **Exclusions**

   This insurance does not apply to ...

   **j. Damage To Property**

   "Property Damage" to ...

   (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

5

(6) That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

In her deposition testimony, Mrs. Cormier identified 38 items of property damages she attributed to KRW in a list that she prepared in conjunction with this litigation. Of the items listed, the overwhelming majority clearly and directly related to KRW's workmanship, i.e., arose out of KRW's direct and indirect performance of work operations.[1] Thus, Seneca established that the property damages the Cormiers seek in this lawsuit either arose out of KRW's performance of its work operations as excluded under Section 2(j)(5); or were to property which would have required restoration, repair, or replacement because KRW's work was incorrectly performed on it as excluded by Section 2(j)(6).[2]

In response to Seneca's showing, the Cormiers did not offer any evidence or point to any facts that could support a finding that the exclusion was inapplicable.[3]

---

[1] Insofar as Item 4, "Whole Home Electrical was altered and damaged because of work performed by unlicensed, unqualified persons from KRW," Mrs. Cormier's deposition testimony clarified that it was KRW's work operations in the alteration of the electrical system about which the Cormiers complained. But nothing in Mrs. Cormier's testimony directly implicated KRW's workmanship insofar as the complaint in Item 16, "Kitchen backsplash damaged."

[2] Regarding the damaged kitchen backsplash, see n.2, supra, to the extent that it is not subject to the damage-to-property exclusions in 2(j)(5) and 2(j)(6), we note that it was not among the damages about which Mrs. Cormier testified she complained to Williams before October 31, 2016, while KRW was working on the premises. Moreover, the Cormiers, who bore the burden of proving coverage, see *George S. May Int'l Co. v. Arrowpoint Capital Corp.*, 2011-1865 (La. App. 1st Cir. 8/10/12), 97 So.3d 1167, 1171, did not offer any evidence to support a finding that the damaged kitchen backsplash occurred between October 13, 2016 and October 31, 2016, i.e., during the policy period, as required under Section 1(b)(2) of the Seneca policy. See William Shelby McKenzie, H. Alston Johnson, III, *15 La. Civil Law Treatise*, Insurance Law & Practice, §6:4 (4th ed.) (The requirement of property damage during the policy period as the trigger of coverage is often referred to as "occurrence" basis coverage, which clearly requires that the damage resulting from such accident occur during the policy period). See also *Oceanonics, Inc. v. Petroleum Distrib. Co.*, 292 So.2d 190, 192 (La. 1974) (holding that it is not against public policy for general liability insurance policies to exclude coverage for damage arising from an occurrence after the policy period although the delictual act which gave rise to the occurrence took place during the policy period).

[3] The CGL policy states, "Paragraph (6) of this exclusion does not apply to 'property damage' included in the 'products-completed operations hazard [PCOH].'" Argument in the Cormiers' appellate brief may imply that some of the property damage they claim falls within the scope of PCOH coverage. Mindful that the Cormiers have not pointed to, and we have not found, any evidence of damage to which PCOH coverage could apply, we note that here, the insured's work had not been completed or had been abandoned, as required in Section V.16(a)(2), defining PCOH.

Accordingly, the trial court correctly granted summary judgment in favor of Seneca and dismissed it from this lawsuit.[4]

## DECREE

For these reasons, the trial court's judgment is affirmed. Appeal costs are assessed against plaintiffs-appellants, M.E. and Paul Cormier.

**AFFIRMED.**

---

[4] On appeal, the Cormiers cite jurisprudence relative to an insurer's duty to defend and suggest that the allegations of their petition, original and as supplemented, were sufficient to defeat summary judgment. Although the issue of whether Seneca owed KRW a defense was not within the scope of the motion for summary judgment and, therefore, not before the court, see La. C.C.P. art. 966F, the record establishes that, because there was an allegation of coverage, Seneca provided a defense to KRW prior to and during the hearing on the motion for summary judgment. Construing the Cormiers' assertions broadly, we find no merit in the contention that summary judgment was defeated on the basis of the allegations of the original and supplemental petition. It is axiomatic that the plaintiffs -- whether they bore the burden of proof on the issue of coverage or in response to the showing made by Seneca on the applicability of a coverage exclusion -- could not rest on the mere allegations in their pleadings, but were required to point to evidence supporting specific facts to show a genuine issue of material fact existed to preclude summary judgment. See *Campbell v. Dolgencorp, LLC*, 2019-0036 (La. App. 1st Cir. 1/9/20), 294 So.3d 522, 529. This, they did not do.

7