# STATE OF LOUISIANA

# COURT OF APPEAL

$\mathcal{JQW}$

## FIRST CIRCUIT

\* \* \* \* \* \* \*

## 2023 CA 0412

## ALICE GARRETT

## VERSUS

## DEPARTMENT OF CHILDREN AND FAMILY SERVICES, MARLSTONE PROPERTIES, LLC, AND STATE OF LOUISIANA OFFICE OF RISK MANAGEMENT

JUDGMENT RENDERED: **NOV 0 9 2023**

\* \* \* \* \* \* \*

Appealed from The Twenty-Second Judicial District Court
Parish of St. Tammany • State of Louisiana
Docket Number 2019-16269 • Division I

The Honorable Reginald T. Badeaux, III, Presiding Judge

\* \* \* \* \* \* \*

Catherine M. Robin
Zachary D. Rhodes
John M. Robin
Covington, Louisiana
  *and*
Patrick G. Murray
Bogalusa, Louisiana

COUNSEL FOR APPELLANT
PLAINTIFF—Alice Garrett


Jeff Landry
*Attorney General*
Phyllis E. Glazer
*Assistant Attorney General*
Baton Rouge, Louisiana
  *and*
Mary Katherine F. Koch
Craig J. Hebert
*Assistant Attorney Generals*
New Orleans, Louisiana

COUNSEL FOR APPELLEE
DEFENDANT—State of Louisiana,
through the Department of Children
and Family Services

\* \* \* \* \* \* \*

## BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.

**WELCH, J.**

In this action for damages, the plaintiff, Alice Garrett, appeals a summary judgment granted in favor of the State of Louisiana, through the Department of Children and Family Services ("DCFS"), dismissing Ms. Garrett's claims against DCFS with prejudice. For reasons that follow, we affirm.

## BACKGROUND

On March 19, 2018, Ms. Garrett visited the DCFS office located at 351 Holiday Boulevard in Covington, Louisiana.[1] While in the waiting area, she sat in a chair. When Ms. Garrett attempted to get up from the chair, the chair collapsed, causing her to fall and injure her right shoulder and hip. Ms. Garrett filed this suit against DCFS,[2] seeking damages for her personal injuries. DCFS filed an answer generally denying liability, and thereafter, filed a motion for summary judgment, seeking the dismissal of Ms. Garrett's claims against it. In DCFS's motion for summary judgment, it claimed that Ms. Garrett could not prove that DCFS had actual or constructive notice of any defect or that it failed to take corrective action within a reasonable time, both of which were essential elements to Ms. Garrett's claims. Pursuant to a judgment signed on December 5, 2022, the trial court granted the motion and dismissed all of Ms. Garrett's claims against DCFS with prejudice. Ms. Garrett now appeals.

## SUMMARY JUDGMENT

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to determine whether there is a genuine need for trial. **Flynn v. Anytime Fitness, LLC**, 2022-0742 (La. App. 1st Cir. 12/29/22), 360 So.3d 860, 863, writ denied, 2023-00108 (La. 4/4/23), 358 So.3d 863. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion,

---

[1] The building was owned by Marlstone Properties, LLC ("Marlstone") and leased to DCFS.

[2] Ms. Garrett also named Marlstone and the State of Louisiana, Office of Risk Management as defendants. However, both Marlstone and ORM were subsequently dismissed with prejudice.

2

memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).[3] In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. **Flynn**, 360 So.3d at 863.

The initial burden of proof is on the party filing the motion for summary judgment. La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover need only point out to the court, through its supporting documents, the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1); see also La. C.C.P. art. 966, Comments-2015, Comment (j). Once the motion for summary judgment has been properly supported by the moving party, the burden then shifts to the non-moving party to produce factual support, through the use of supporting documents in opposition to the motion, of the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If the non-moving party fails to produce factual support in its opposition sufficient to satisfy this burden, the motion should be granted. **Madden v. Fairburn**, 2022-1055 (La. App. 1st Cir. 4/14/23), 365 So.3d 811, 814.

## LIABILITY

In this case, Ms. Garrett's claims against DCFS are based on La. C.C. art. 2317 and 2317.1,[4] as limited to public entities by La. R.S. 9:2800. Louisiana Civil Code article 2317 provides that "[w]e are responsible, not only for the damage

---

[3] The motion for summary judgment at issue in this appeal was filed and decided under La. C.C.P. art. 966 prior to its amendment by 2023 La. Acts., No. 317, § (eff. August 1, 2023).

[4] In Ms. Garrett's petition for damages, she asserted claims, as to Marlstone, based on La. C.C. art. 2322, which provides for liability for defective buildings. There is no dispute that La. C.C. art. 2322 is not applicable to her claims against DCFS, as the chair at issue was a moveable and not a building or a thing attached to a building.

3

occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications." Louisiana Civil Code article 2317.1 modifies La. C.C. art. 2317 to require "proof that 1) the owner or custodian of a defective thing has knowledge of the defect, 2) the damage could have been prevented by the exercise of reasonable care, and 3) the failure to exercise reasonable care." **Sewell v. Sewerage and Water Board of New Orleans**, 2018-0996 (La. App. 4th Cir. 5/29/19), 363 So.3d 474, 484, writ denied, 2019-01166 (La. 10/15/19), 280 So.3d 612. Pursuant to La. C.C. art. 2317.1.

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Further, custodial liability under La. C.C. art. 2317 is specifically limited as to public entities by La. R.S. 9:2800, which requires additional proof that the public entity had notice and opportunity to repair the defect. Specifically, La. R.S. 9:2800 provides, in pertinent part:

> A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
>
> * * *
>
> C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under [La. C.C. art.] 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
>
> D. Constructive notice shall mean the existence of facts which infer actual knowledge.
>
> * * *
>
> F. A violation of the rules and regulations promulgated by a public entity is not negligence per se.

4

As such, in order to prove a public entity is liable for damages caused by a thing, the plaintiff must establish: (1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation. **Chambers v. Village of Moreauville**, 2011-898 (La. 1/24/12), 85 So.3d 593, 597. Failure to meet any one of these statutory requirements will defeat a claim against a public entity. **Jefferson v. Nichols State University**, 2019-1137 (La. App. 1st Cir. 5/11/20), 311 So.3d 1083, 1085, writ denied, 2020-00779 (La. 11/04/20), 303 So.3d 623.

In DCFS's motion for summary judgment, it contended that there was an absence of factual support for and that Ms. Garrett would be unable to prove the third and fourth requirement, i.e., that DCFS had actual or constructive notice of any defect in the chair or that DCFS failed to take corrective action within a reasonable time. In support of its motion for summary judgment, DCFS relied on excerpts from the deposition testimony of Ms. Garrett and the affidavit of Amanda Parker, the Safety Officer for the DCFS office at issue, along with the DCFS hazard logs and inspection records attached thereto.

Ms. Garrett testified in her deposition that when she went into the DCFS waiting area, she signed in and sat down in a chair. Thereafter, Ms. Garrett got up from the chair and sat in another chair, which was by a copy machine. When Ms. Garrett saw a lady walking toward the copier, she intended to get up from the chair in order to get out of the way. However, as Ms. Garrett got up, she leaned forward, the chair cracked, the chair's leg broke, and Ms. Garrett fell over. Ms. Garrett stated that she had only been in the second chair (the chair that broke) for about a minute before she attempted to get up, and that the chair had been occupied by someone else prior to her sitting in it. Ms. Garrett did not hear or notice anything unusual about the chair when she was sitting in it, but she heard the chair creak as she went to get

up. Ms. Garrett admitted that prior to sitting in the chair, she could not identify anything that was wrong with the chair, and that prior to the accident happening, Ms. Garrett (nor anyone that she knew) was aware of any issues or problems with the chair. Ms. Garrett also admitted that she (nor anyone else that she was aware of) alerted anyone from DCFS of any issues with the chair prior to her sitting in it. Ms. Garrett stated that the chair at issue was made of wood, and at the time of the accident, she weighed 182 pounds and was 5'9¾" tall.

According to Ms. Parker's affidavit, she is employed by DCFS and was employed as the Safety Officer for the DCFS office on the date of the incident, March 19, 2018. Ms. Parker stated that as Safety Officer, she was responsible for conducting inspection walkthroughs of the premises, and that during her inspections, she never observed any broken or otherwise defective chairs in the waiting area. She explained that as a policy, hazard logs and inspection logs are maintained, which are recorded on a quarterly basis. Ms. Parker reviewed all of the hazard logs and inspection records for the quarter prior to and including March 19, 2018, which were attached to her affidavit, and that at no time was there an indication of any broken or otherwise defective chairs during that quarter.

Based on our *de novo* review of the documents offered by DCFS in support of its motion for summary judgment, we find DCFS presented sufficient evidence to establish that there was an absence of factual support for two elements necessary to Ms. Garrett's claims—that DCFS had actual or constructive notice of any defect in the chair and that DCFS failed to take corrective action within a reasonable time. Consequently, the burden shifted to Ms. Garrett to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial or that a genuine issue of material fact existed and that DCFS was not entitled to judgment as a matter of law.

In opposition to the motion for summary judgment, Ms. Garrett maintained that she could prove DCFS had actual or constructive notice of the defect in the chair

6

and that it failed to take corrective action within a reasonable time. Ms. Garrett argued that there were issues of fact because the defect in the chair could have been discovered if DCFS had conducted reasonable inspections, which would have provided actual or constructive notice of the defect. Ms. Garrett, while acknowledging that all prior inspections revealed no hazards, claimed that the reported absence of hazards indicates that the inspections were inadequate or not done at all because the inspections would have revealed a crack. Ms. Garrett also argues the only inference that can be drawn is that there was a crack in the chair, which gradually grew worse to the point where the leg broke while she was sitting in it. However, Ms. Garrett offered no factual support for any of these contentions.[5] Instead, her arguments are nothing more than conclusory allegations, improbable inferences, and unsupported speculation, which are not sufficient to satisfy her

---

[5] As support for her opposition to the motion for summary judgment, Ms. Garrett offered the four quarterly "SAFETY CHECKLIST" documents for the "PARISH/OFFICE: St. Tammany;" the Department of Social Services policy manual relative to the necessary safety trainings to be performed; "HAZARD CONTROL LOG" sheets dated 9/30/17, 1/3/18, and 3/31/18, which contained no entries, and one dated 6/30/19, which contained an entry relative to wet tiles; the Department of Social Services "Job Safety Analysis (JSA) Procedure and Form; the incident report for the accident involving Ms. Garrett; and the statements of DCFS workers relative to the incident.

Prior to its amendment by 2023 La. Acts No. 317, §1 (eff. August 1, 2023), La. C.C.P. art. 966(A)(4) provided that "[t]he only documents that may be filed in support of or in opposition to the motion [for summary judgment] are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." The documents offered by Ms. Garrett in opposition to DCFS's motion for summary judgment do not fall into any category of documents listed in La. C.C.P. art. 966(A)(4); however, those documents were not objected to. Thus, under La. C.C.P. art. 966(D)(2), the court shall consider any document to which no objection is made to determine *de novo*, if any evidentiary value should be given to those documents. **Velocity Investments, LLC v. Pasqua**, 2022-0626 (La. App. 1st Cir. 1/10/23), 361 So.3d 23, 27 n.6.

The documents offered by Ms. Garrett are unsworn and unverified documents because they were not attached to an affidavit, deposition or otherwise authenticated. A document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. *Id.* Therefore, in meeting the burden of proof in opposition to the motion for summary judgment, unsworn or unverified documents, such as the documents offered by Ms. Garrett, annexed to the opposition to the motion for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence. See *Id.*

Nevertheless, even if we considered the documents offered by Ms. Garrett in opposition to the motion for summary judgment, we find these documents do not support her contentions. The lack of hazards actually reported in DCFS's safety logs does not establish that the inspections performed were insufficient or not done at all.

7

burden of proof or support a finding of a genuine issue of material fact. See **Stanfield on Behalf of Leblanc v. Lafourche Parish School Board**, 2022-1196 (La. App. 1st Cir. 4/14/23), 365 So.3d 816, 821.

We recognize that Ms. Garrett has also argued, for the first time on appeal, that the doctrine of *res ipsa loquitur* applies such that she is not required to prove actual or constructive knowledge. While this Court generally does not consider arguments raised for the first time on appeal, we nevertheless conclude that the doctrine is not applicable.

*Res ipsa loquitur*[6] applies in cases where the plaintiff uses circumstantial evidence alone to prove negligence by the defendant and allows the court to infer negligence on the part of the defendant from the circumstances surrounding the injury. **Linnear v. CenterPoint Energy Entex/Reliant Energy**, 2006-3030 (La. 9/5/07), 966 So.2d 36, 41. Further, *res ipsa loquitur* applies only when three requisite elements are met: (1) the injury is the kind which ordinarily does not occur in the absence of negligence; (2) the evidence must sufficiently eliminate other more probable causes of the injury; and (3) the negligence of the defendant must fall within the scope of his duty to the plaintiff. *Id.* Further, *res ipsa loquitur* applies where direct evidence of a defendant's negligence is not available to assist the plaintiff to present a prima facie case of negligence, such that the only available evidence is circumstantial. See **Linnear**, 966 So.2d at 41-42. Conversely, it does not apply in a case where there is direct evidence, along with some circumstantial evidence presented by the plaintiffs. *Id.*

In this case, DCFS offered direct evidence on the issue of notice—the testimony of the plaintiff, who confirmed that there was nothing wrong with or no obvious defects in the chair at the time she sat in it or while the chair's prior occupant sat in it and the affidavit of Ms. Parker, which established that DCFS inspected the

---

[6] *Res ipsa loquitur* means "the thing speaks for itself." **Linnear v. CenterPoint Energy Entex/Reliant Energy**, 2006-3030 (La. 9/5/07), 966 So.2d 36, 41.

chairs on a quarterly basis, had identified no defects in its chairs, and had received no reports of defective chairs. Further, Ms. Garrett presented no evidence that a crack existed in the chair prior to her attempt to get out of or stand from the chair, nor did she present evidence excluding the possibility that the chair broke for some other reason. Consequently, the doctrine of *res ipsa loquitur* does not apply to this case.

Therefore, our *de novo* review of the record reveals that Ms. Garrett did not submit evidence sufficient to show that DCFS had actual or constructive notice of any defect in the chair and that DCFS failed to take corrective action within a reasonable time. Absent such evidence, the Ms. Garrett failed to meet her burden of establishing a genuine issue of material fact. Therefore, based on the undisputed material facts, we must conclude, as a matter of law, that summary judgment in favor of DCFS was appropriate. In accord **Alvarado v. Lodge at the Bluffs, LLC**, 2016-0624 (La. App. 1st Cir. 3/29/17), 217 So.3d 429, writ denied, 2016-0697 (La. 6/16/17), 219 So.3d 340 and **Parsons v. Sholand, LLC**, 2013-2217 (La. App. 1st Cir. 8/29/14) 2014 WL 4317786.

## CONCLUSION

For all of the above and foregoing reasons, the December 5, 2022 judgment is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Alice Garrett.

**AFFIRMED.**

9