THERIOT, J.
Lin this slip and fall suit, the plaintiffs appeal a summary judgment dismissing their claims with prejudice against one defendant. We affirm.
FACTS AND PROCEDURAL HISTORY
On April 2, 2008, a rainy day, Helen Christakis slipped and fell on a wet welcome mat outside the front door of a “model home” in Clipper Estates Subdivision. Several entities, including Clipper Construction, L.L.C. (“Clipper Construction”) and Clipper Estates Master Homeowners’ Association, Inc. (“CEMHA”), maintained offices in the model home. Mrs. Christak-is entered the model home on the day of the accident to drop off a check to CEM-HA for her homeowners’ association dues.
Mrs. Christakis and her husband, Nickolas Christakis, filed a suit for damages against CEMHA and Clipper Construction. CEMHA filed a motion for summary judgment, which was granted by the trial court on May 14, 2012, Plaintiffs filed a motion for new trial, which was denied, and this appeal followed.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. All Crane Rental of Georgia, Inc. v. Vincent, 10-0116, p. 4 (LaApp. 1 Cir. 9/10/10), 47 So.Sd 1024, 1027, writ denied, 10-2227 (La.11/19/10), 49 So.3d 387. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. La. C.C.P. 966(B).
|3The burden of proof on a motion for summary judgment remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but *170 rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St. Tammany Parish School Board, 07-1856, p. 2 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 08-2316 (La.11/21/08), 996 So.2d 1118; see also La. C.C.P. art. 967(B).[1]
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751, p. 7 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law Rapplicable to this case. Walker v. Phi Beta Sigma Fraternity (Rho Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
We are responsible for the damage occasioned by things which we have in our custody. La. C.C. art. 2317. However, the owner or custodian of a thing is only answerable for the damage caused by its ruin, vice, or defect upon a showing that he knew or, in the exercise of reasonable care, should have known, of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1.
CEMHA pointed out in its motion for summary judgment that the plaintiffs had no evidence to prove an essential element of their claim, i.e., that CEMHA had notice of an unreasonably dangerous condition on the premises prior to Mrs. Chris-takis’s accident. In support of its motion for summary judgment, CEMHA offered the affidavit of Ludy Pittman, an employee of Clipper Construction who was working in the model home at the time of the accident. Ms. Pittman’s affidavit states that prior to Mrs. Christakis’s alleged slip and fall, no other person advised that the front entrance or the welcome mat was wet.
In response to the motion for summary judgment, the plaintiffs filed Mrs. Christakis’s affidavit stating that CEMHA was “familiar with the conditions at the entranceway [and] knew or should have known that a rain event causes an unsafe condition at the entranceway.” This affidavit is insufficient to establish that the plaintiffs will be able to carry their burden of proof, as it simply contains conclusory allegations of fact rather than specific facts based upon personal knowledge. Affidavits with conclusory allegations of fact which are devoid of specific *171 facts are not sufficient to | r,defeat summary judgment. Cheramie Services, Inc. v. Shell Deepwater Production, Inc., 09-1633 (La.4/23/10), 35 So.3d 1053, 1062. The plaintiffs did not come forward with any evidence to show that they would be able to carry their burden of proving actual or constructive knowledge by CEMHA at trial; therefore, there is no genuine issue of material fact and summary judgment is appropriate.
Plaintiffs also argue that the court erred in proceeding to summary judgment before the case was set for trial and before adequate discovery was complete. Louisiana Code of Civil Procedure article 966(C)(1) provides that summary judgment may be granted “[ajfter adequate discovery or after a case is set for trial.”
Trial courts in Louisiana have broad discretion when regulating pretrial discovery, which will not be disturbed on appeal absent a clear showing of abuse. Daniels v. USAgencies Cas. Ins. Co., 11-1357, p. 6 (La.App. 1 Cir. 5/3/12), 92 So.3d 1049, 1054. It is not an abuse of a trial court’s wide discretion to entertain a motion for summary judgment before discovery has been completed. It is within the trial court’s discretion to render a summary judgment or require further discovery. While parties must have a fair opportunity to conduct discovery and present their claims, there is no absolute right to delay action on a motion for summary judgment until discovery is complete. Id.
This suit was filed three-and-a-half years prior to the hearing on the motion for summary judgment. Plaintiffs did not object at the hearing on the motion for summary judgment to the prematurity of the motion, nor did plaintiffs request more time to conduct additional discovery. Under these circumstances, the trial court did not abuse its broad discretion in granting summary judgment before the completion of plaintiffs’ discovery.
| (¡CONCLUSION
The summary judgment dismissing plaintiffs’ claims against CEMHA is affirmed. Costs of this appeal are assessed to the plaintiffs, Helen and Nickolas Chris-takis.
AFFIRMED.

. Louisiana Code of Civil Procedure article 967(B) provides:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.