STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 1267

KIEL JOHNSON AND LEA JOHNSON

VERSUS

BRANDON KNIGHT

**Judgment Rendered:** JUN 1 4 2024

* * * * * *

On appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 2022-10054

Honorable Vincent J. Lobello, Judge Presiding

* * * * * *

| | |
|---|---|
| Joshua D. Allison<br>Jazmine A. Torres<br>Covington, LA | Counsel for Plaintiffs/Appellants<br>Kiel Johnson and Lea Johnson |
| Craig J. Robichaux<br>Cameron D. Robichaux<br>Mandeville, LA | Counsel for Defendant/Appellee<br>Brandon Knight |
| Doris Bobadilla<br>Jose L. Barro, III<br>Brent M. Powell<br>Frances Irene McGinnis<br>Mandeville, LA | |
| Robert Stern<br>New Orleans, LA | |

* * * * * *

BEFORE: GUIDRY, C.J., THERIOT, AND GREENE, JJ.

GREENE, J., concurs in part and dissents in part with reasons.

**GUIDRY, C.J.**

This matter is before us on appeal by plaintiffs, Kiel and Lea Johnson, from a summary judgment granted in favor of defendant, Brandon Knight. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This litigation arises following the removal of a tree from the plaintiffs' property, which plaintiffs allege was wrongfully removed by Mr. Knight or his agent. On January 5, 2022, plaintiffs filed suit against Mr. Knight, asserting claims of negligence and breach of contract.[1] Plaintiffs alleged they suffered damages as a result of the tree removal, including diminution of their property value and mental anguish and distress.

On April 4, 2023, Mr. Knight filed a motion for summary judgment. On June 19, 2023, plaintiffs filed a motion to continue the hearing on Mr. Knight's motion. At the hearing, which was held on June 20, 2023, plaintiffs withdrew their request for a continuance. Mr. Knight's summary judgment motion was then heard by the trial court, after which the trial court took the matter under advisement. On August 29, 2023, a judgment was signed granting Mr. Knight's motion and dismissing plaintiffs' claims with prejudice. Plaintiffs now appeal arguing that the trial court erred in the following respects: ruling that plaintiffs had time for adequate discovery, failing to find that the petition asserted a claim for damages due to a "breach of an agreement," and failing to find a genuine issue of material fact.

## DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Georgia-Pacific Consumer Operations, L.L.C. v. City of Baton Rouge, 17-1553, p. 8 (La. App. 1st

---

[1] Plaintiffs amended their petition on July 22, 2022.

2

Cir. 7/18/18), 255 So. 3d 16, 21, writ denied, 18-1397 (La. 12/3/18), 257 So. 3d 194. A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) and (4). A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Higgins v. Williams Energy Partner, L.P., 17-1662, p. 14 (La. App. 1st Cir. 4/10/19), 280 So. 3d 195, 203, writ denied, 19-00722 (La. 9/6/19), 278 So. 3d 371. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria governing the trial court's determination of whether summary judgment is appropriate. Alvarado v. Lodge at the Bluffs, L.L.C., 16-0624, p. 5 (La. App. 1st Cir. 3/29/17), 217 So. 3d 429, 432, writ denied, 17-0697 (La. 6/16/17), 219 So. 3d 340.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Thereafter, if the adverse party fails to produce factual evidence sufficient to establish the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(D)(1); Alvarado, 16-0624 at p.5, 217 So.3d at 432. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the

3

substantive law applicable to the case. Georgia-Pacific Consumer Operations, L.L.C., 17-1553 at p. 9, 255 So. 3d at 22.

It is not an abuse of the trial court's wide discretion in discovery matters to grant a motion for summary judgment before discovery has been completed.[2] Dortch v. Jane Doe & Chrysler Group, L.L.C., 16-0933, p. 8 (La. App. 1st Cir. 4/6/17), 217 So. 3d 449, 454. Unless a party shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. Montgomery v. Garry Lewis Properties, 17-1720, p. 10 (La. App. 1st Cir. 8/10/18), 256 So. 3d 391, 398, writ denied, 18-1585 (La. 12/17/18), 258 So. 3d 598.

On appeal, plaintiffs contend that the trial court erred in ruling they had time for adequate discovery. A motion to continue is the proper method to challenge a motion for summary judgment on the basis of prematurity due to inadequate discovery.[3] See generally Christakis v. Clipper Construction, L.L.C., 12-1638, p. 5 (La. App. 1st Cir. 4/26/13), 117 So. 3d 168, 171, writ denied, 13-1913 (La. 11/8/13), 125 So. 3d 454. We note, however, that at the start of the motion hearing, when asked by the trial court about the request to continue, plaintiffs' counsel responded as follows: "[W]e sent a consent order yesterday to move the hearing and apparently it is now opposed. Regardless of that, I am ready to argue this today. So, I will dismiss my request for a continuance because I am ready to argue it today."

When discovery is alleged to be incomplete, a trial court has the discretion either to hear the summary judgment motion or to grant a continuance to allow

---

[2] There is no absolute right to delay action on a motion for summary judgment until discovery is complete. The only requirement is that the parties be given a fair opportunity to conduct discovery and present their claims. Christakis v. Clipper Construction, L.L.C., 12-1638, p. 5 (La. App. 1st Cir. 4/26/13), 117 So. 3d 168, 171, writ denied, 13-1913 (La. 11/8/13), 125 So. 3d 454.

[3] Louisiana Code of Civil Procedure article 966 (C)(2) provides that "[f]or good cause shown, the court may order a continuance of the hearing."

4

further discovery. Francois v. Ports America Louisiana, L.L.C., 20-0440, p. 4 (La. App. 4th Cir. 3/10/21), 314 So. 3d 894, 897, writ denied, 21-00496 (La. 6/1/21), 316 So. 3d 830. Where there is no request for a continuance, however, the matter is in the proper posture for the trial court to hear the merits of the summary judgment motion. See Diversified Marine Services, Inc. v. Jewel Marine. Inc., 16-0617, p. 12 (La. App. 1st Cir. 6/2/17), 222 So. 3d 1008, 1017 (affirming a summary judgment rendered while discovery was still ongoing, based on the plaintiff's failure to object or otherwise move for a continuance of the hearing).

In the present case, we conclude that plaintiffs' voluntary withdrawal of their motion to continue constituted a waiver of their arguments on the issues of prematurity and adequate time for discovery as it concerns the motion for summary judgment. It follows, therefore, that after the plaintiffs' withdrawal of their request to continue the hearing, the defendant's motion was ripe for consideration.[4]

In his motion for summary judgment, Mr. Knight asserted that he owed no duty and was not liable to plaintiffs. In support of his motion, Mr. Knight introduced his deposition testimony, taken on September 9, 2022, in which he stated that plaintiffs called his wife, Ms. Knight, and asked her if he would "come out, take a look at a tree." According to Mr. Knight, he told plaintiffs he would help them find someone to cut down the tree.[5] Later, Mr. Knight contacted Henderson Palmer, a "landscaping guy" he had known for about a week, and told Mr. Palmer "a customer" needed to have a tree cut down. Mr. Knight stated he did

---

[4] We nevertheless agree with the trial court's determination, as stated in its reasons for judgment, that the plaintiffs had a fair opportunity to present their claims and time for adequate discovery as this suit was pending for more than a year before the motion for summary judgment was filed and there is no indication that the plaintiffs were precluded from conducting additional discovery.

[5] Mr. Knight stated that he did not cut down trees.

not tell Mr. Palmer which tree to cut down. He also stated that he did not work with Mr. Palmer.[6]

In opposition to the motion for summary judgment, plaintiffs argued they had a contract with Mr. Knight for removal of the tree and contended that Mr. Palmer worked for or was an agent of Mr. Knight. Plaintiffs offered, among other exhibits, the deposition testimony of Ms. Johnson, wherein she stated that she discussed the removal of the "trash" tree with Mr. Knight and that she and Mr. Knight settled upon a price for removal. According to Ms. Johnson, Mr. Knight did not provide an exact date of when the work would be done, instead stating that "it would be done soon, that his phone was ringing off the hook, and he wasn't sure when he would be able to get to it."[7]

Ms. Johnson explained that prior to discussing the removal of the tree with Mr. Knight, she discussed the very same issue with Mr. Palmer, who was working with a crew at a house two doors down and removing trees. Ms. Johnson asked to speak with Mr. Palmer's "estimator," to which Mr. Palmer replied that he was the estimator, looked at the tree, and gave Ms. Johnson a quote. Ms. Johnson, however, told Mr. Palmer that she would look for someone else to do the job.

Ms. Johnson stated that at the time the tree was being cut down, she walked out of her home and screamed, "You cut down the wrong tree," while looking at Mr. Palmer. Ms. Johnson explained that after the tree was cut down, she eventually contacted Mr. Palmer about removing the stump.[8] Ms. Johnson

---

[6] In his answer to the plaintiffs' petition, which was also attached to his summary judgment motion, Mr. Knight asserted that "[i]f in fact the wrong tree was removed, that removal occurred at the hands of a third party for whom [I have] no responsibility." In addition, we note that during his deposition, Mr. Knight provided plaintiffs' counsel with Mr. Palmer's phone number.

[7] Ms. Johnson did not pay Mr. Knight for any tree removal services.

[8] Prior to contacting Mr. Palmer about finishing the tree removal job, Ms. Johnson noted that she contacted Mr. Knight to no avail. In addition, on the day the tree was cut down, Ms. Johnson stated that she called and told Ms. Knight that Mr. Knight needed to get to her house and talk to the crew.

admitted Mr. Knight was not present on her property at the time the wrong tree was cut down. She also admitted that she did not know if Mr. Palmer was employed by Mr. Knight.

Following our *de novo* review of the motion for summary judgment, we must conclude that the trial court did not err in granting summary judgment in favor of Mr. Knight.[9] Mr. Knight pointed out the absence of factual support for an essential element of the plaintiffs' claims—namely, a connection between any work performed or not performed by Mr. Knight or his agent/employee and the plaintiffs' alleged damages. Thereafter, the burden shifted to the plaintiffs, and we conclude that plaintiffs failed to produce factual evidence sufficient to establish the existence of a genuine issue of material fact. See La. C.C.P. art. 966(D)(1).

The plaintiffs produced no evidence as to the negligence of the defendant or any agent of the defendant, which would allow us to infer that his conduct more probably than not caused the plaintiffs' damages. Similarly, none of the evidence provided by the plaintiffs establishes a failure to perform an obligation owed on the part of the defendant or any agent of the defendant causing the plaintiffs' damages. Without such evidence, the plaintiffs cannot prevail on their claims.

Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a

---

[9] In a negligence action under La C.C. art. 2315, the plaintiff bears the burden of proving fault, causation, and damages. The plaintiff bears the burden of proving every element of his case, including the cause in fact of damage, by a preponderance of the evidence, that is, whether it is more likely than not that the harm was caused by the tortious conduct of one or more defendants. Gaspard v. Safeway Insurance Company, 14-1676, p. 4 (La. App. 1st Cir. 6/5/15), 174 So. 3d 692, 694, writ denied, 15-1588 (La. 10/23/15), 184 So. 3d 18. In addition, in order to prevail on a breach of contract claim, the plaintiff must prove by a preponderance of the evidence that (1) defendant owed an obligation; (2) defendant failed to perform that obligation; and (3) defendant's failure resulted in damages to the plaintiff. Hayes Fund for the First United Methodist Church of Welsh, L.L.C. v. Kerr-McGee Rocky Mountain, L.L.C., 14-2592, p. 7 (La. 12/8/15), 193 So. 3d 1110, 1115.

Louisiana Civil Code article 2320 provides that employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed. See Henly v. Phillips Abita Lumber Company, 06-1856, pp. 10-11 (La. App. 1st Cir. 10/3/07), 971 So. 2d 1104, 1113.

7

genuine issue of material fact. <u>Salvador v. Main Street Family Pharmacy, L.L.C.</u>, 17-1757, p. 6 (La. App. 1st Cir. 6/4/18), 251 So. 3d 1107, 1112. The plaintiffs herein have set forth conclusory allegations and unsupported speculation, and thus, do not raise any material facts that would preclude summary judgment. We find no genuine issue of material fact remaining. Summary judgment was appropriate. The assignments of error lack merit.

## CONCLUSION

For the above and foregoing reasons, we affirm the August 29, 2023 judgment of the trial court, granting Brandon Knight's motion for summary judgment and dismissing the claims of Kiel and Lea Johnson. All costs of this appeal are assessed to the plaintiffs/appellants, Kiel Johnson and Lea Johnson.

**AFFIRMED.**

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

# DOCKET NUMBER
# 2023 CA 1267

## KIEL JOHNSON AND LEA JOHNSON

## VERUS

## BRANDON KNIGHT

**GREENE, J., concurring in part and dissenting in part.**

I concur in part and dissent in part. I concur in affirming summary judgment and dismissing plaintiffs' negligence claims. However, I respectfully dissent from the portion of the majority opinion affirming dismissal of plaintiffs' breach of contract claim. The motion for summary judgment filed by Brandon Knight asserted that plaintiffs cannot maintain their negligence claims against him because Mr. Knight did not owe them a duty and is not vicariously liable under a theory of *respondeat superior.* Mr. Knight's motion for summary judgment did not address plaintiffs' breach of contract claim, as alleged in their First Amending Petition for Damages. A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. C.C.P. art. 966(F). Accordingly, I would reverse the trial court's dismissal of any claims other than plaintiffs' negligence claims.